H.H. ROBERTSON, COMPANY,
Plaintiff/Appellee,

v.

UNITED STEEL DECK, INC. and
Nicholas J. Bouras, Inc.,
Defendants/Appellants.

No. 86–1410.

United States Court of Appeals,
Federal Circuit.

May 27, 1987.

386

John G. Gilfillan, III, Carella, Byrne, Bain & Gilfillan, Roseland, N.J., argued, for defendants/appellants.

Arland T. Stein, Reed Smith Shaw & McClay, Pittsburgh, Pa., argued, for plaintiff/appellee. With him on the brief, were Joseph W. Klein and Michael J. Kline. Also on the brief were Michael P. Griffinger and Ann M. McCormick, Crummy, Del Deo, Dolan, Griffinger and Vecchione, Newark, N.J.

Before NEWMAN and BISSELL, Circuit Judges, and NEWMAN, Senior Judge.*

PAULINE NEWMAN, Circuit Judge.

United Steel Deck, Inc. (USD) and Nicholas J. Bouras, Inc., (Bouras) appeal the Order of Preliminary Injunction of the United States District Court for the District of New Jersey in favor of the H.H. Robertson Company (Robertson). USD and Bouras were enjoined pendente lite from making, using, and selling certain structures which were found to infringe United States Patent No. 3,721,051 (the '051 or Fork patent). *H.H. Robertson Co. v. United Steel Deck, Inc.*, No. 84-5357 (D.N.J. March 31, 1986). We affirm.

* The Honorable Bernard Newman, Senior Judge, United States Court of International Trade, sit-

## Background

Robertson is the owner of the '051 patent, invention of Frank W. Fork, issued on March 20, 1973 and entitled "Bottomless Sub-Assembly for Producing an Underfloor Electrical Cable Trench". The invention is a concrete deck structure sub-assembly for distributing electrical wiring. A detailed description of the invention and its development appears in *H.H. Robertson Co. v. Bargar Metal Fabricating Co.*, 225 USPQ 1191, 1192-96 (N.D. Ohio 1984), [Available on WESTLAW-DCT database] and need not be repeated.

Robertson charged Bouras and its affiliated manufacturing company USD with infringement (inducing and contributory infringement) of claims 1, 2, 4, 6, 9, 13, and 14 of the Fork patent. In moving for preliminary injunction Robertson alleged that "there is a reasonable probability of eventual success on the patent infringement claim"; that "the Fork patent was held valid, infringed, contributorily infringed and enforceable by the United States District Court for the Northern District of Ohio in ... *Bargar*"; that the "accused structures of USD and Bouras are the same or substantially the same as those held ... to infringe in *Bargar*"; that "[w]here, as here, the patent has been held valid and infringed, irreparable harm is presumed ... and the harm ... cannot be fully compensated by money damages"; and that the "balance of equities heavily weighs in favor of Robertson."

The district court held a four-day hearing on the motion, during which witnesses including experts testified on the issues of patent validity and infringement. The legal and equitable issues were briefed and argued. The court concluded that Robertson had "established a basis for the relief it seeks," and granted the preliminary injunction. *Robertson*, slip op. at 25.

## Analysis

Injunctive relief in patent cases is authorized by statute:

ting by designation.

The several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable.

35 U.S.C. § 283. *See generally Smith International, Inc. v. Hughes Tool Co.*, 718 F.2d 1573, 1577–79, 219 USPQ 686, 689–90 (Fed Cir.), *cert. denied*, 464 U.S. 996, 104 S.Ct. 493, 78 L.Ed.2d 687, 220 USPQ 385 (1983).

■ The standards applied to the grant of a preliminary injunction are no more nor less stringent in patent cases than in other areas of the law. The court in *Smith International* discussed the so-called "more severe" rule that has at times weighed against the grant of preliminary injunctions in patent cases, stating: "The basis for the more severe rule appears to be both a distrust of and unfamiliarity with patent issues and a belief that the ex parte examination by the Patent and Trademark Office is inherently unreliable." *Id.* at 1578, 219 USPQ at 690. *See also Atlas Powder Co. v. Ireco Chemicals*, 773 F.2d 1230, 1233, 227 USPQ 289, 292 (Fed.Cir. 1985) ("burden upon the movant should be no different in a patent case than for other kinds of intellectual property"). The existing standards for relief pendente lite, fairly applied, can accommodate any special circumstances that may arise.

The grant or denial of a preliminary injunction is within the discretionary authority of the trial court. Appellate review is on the basis of whether the court "abused its discretion, committed an error of law, or seriously misjudged the evidence." *Smith International*, 718 F.2d at 1579, 219 USPQ at 691. *See also Roche Products, Inc. v. Bolar Pharmaceutical Co.*, 733 F.2d 858, 865, 221 USPQ 937, 942 (Fed Cir.), *cert. denied*, 469 U.S. 856, 105 S.Ct. 183, 83 L.Ed.2d 117, 225 USPQ 792 (1984) ("trial court ... has considerable discretion in determining whether ... to issue an injunction").

The district court applied to Robertson's motion the Third Circuit standard:

An applicant for a preliminary injunction against patent infringement must show:

... (1) a reasonable probability of eventual success in the litigation and (2) that the movant will be irreparably injured *pendente lite* if relief is not granted.... Moreover, while the burden rests upon the moving party to make these two requisite showings, the district court "should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest."

*E.g., Eli Lilly and Co. v. Premo Pharmaceutical Labs., Inc.*, 630 F.2d 120, 136 (3d Cir.), *cert. denied*, 449 U.S. 1014, 101 S.Ct. 573, 66 L.Ed.2d 473 (1980).

*Robertson*, slip op. at 11. In *Eli Lilly* the Third Circuit applied to a patent case the "well settled" standard set forth in the (non-patent) case *Constructors Association of Western Pennsylvania v. Kreps*, 573 F.2d 811, 814–15 (3d Cir.1978). This is substantially the same standard enunciated by this court. See, for example, *Roper Corp. v. Litton Systems, Inc.*, 757 F.2d 1266, 1270–73, 225 USPQ 345, 347–50 (Fed. Cir.1985), and *Atlas Powder*, 773 F.2d at 1231–34, 227 USPQ at 290–93.

### Patent Validity

The first question before the district court was whether the movant Robertson had demonstrated a reasonable likelihood that USD and Bouras would fail to meet their burden at trial of proving, by clear and convincing evidence, that the Fork patent claims were invalid.

■ The burden of proving invalidity is with the party attacking validity. *See Roper Corp.*, 757 F.2d at 1270, 225 USPQ at 347 (in a preliminary injunction case the burden of establishing invalidity remains on the challenger). The evidence adduced in connection with a motion for preliminary relief must be considered in this light.

Robertson retained the burden of showing a reasonable likelihood that the attack on its patent's validity would fail. Indeed, the district court placed a greater burden on Robertson than was required, referring

to our statement in *Atlas Powder,* 773 F.2d at 1233, 227 USPQ at 292, that a patentee seeking a preliminary injunction must " 'clearly show[ ]' that his patent is valid".

This court's statement in *Atlas Powder* does not change the immutable allocation to the challenger of the burden of proving invalidity, but rather reflects the rule that the burden is always on the movant to demonstrate entitlement to preliminary relief. Such entitlement, however, is determined in the context of the presumptions and burdens that would inhere at trial on the merits. See *Anderson v. Liberty Lobby, Inc.,* — U.S. ——, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986), wherein the Court observed that in deciding a motion for summary judgment the trial court must be cognizant of "the substantive evidentiary standard of proof that would apply at the trial on the merits". A similar cognizance is appropriate to a motion for preliminary injunction.

Before the district court, USD and Bouras argued that all of the Fork patent claims at issue were invalid for obviousness in terms of 35 U.S.C. § 103, and that claim 2 was invalid in terms of 35 U.S.C. § 112. The asserted invalidity for obviousness was based on references that had been before the Ohio court in *Bargar,* including references that had been before the patent examiner during prosecution of the Fork patent application, and three references that were newly presented. The patent claims, the details of the references, and the evidence and argument offered by both sides, need not be here repeated.

The district court in its opinion referred to the detailed analysis by the Ohio court and to its decision that the accused infringers in that case had failed to establish the invalidity of the claims. The district court stated that the "finding of validity of the Fork '051 patent in *Bargar* is persuasive evidence of validity" with respect to the references before that court. *Robertson,* slip op. at 14–17. The district court further held, upon reviewing the three additional references, that "considering them as part of the prior art does not render obvious the Fork bottomless trench invention." *Id.*

We discern no error in the court's conclusion that "the finding in *Bargar* and the evidence submitted in the present case lead to the conclusion that there is a reasonable probability that Robertson will ultimately succeed on the issue of obviousness". *Id.* at 17.

The issue of validity of claim 2 under section 112 raised the question of whether the written description was enabling to one skilled in this art. Reviewing the evidence, including expert testimony, the district court held that "the patent requirements of § 112 are met". *Id.* at 18–19. The court's determination that the disclosure had not been proven not to be enabling has not been shown to be in error.

■ Bouras accuses the district court of giving undue weight to the Ohio court's decision of validity and infringement against a different defendant. The district court stated that it "did not rely on *Bargar* as evidence of infringement" but only as evidence of validity with respect to the references actually considered by the Ohio court. *Id.* at 14–17, 20. There was no error in its so doing. Substantial weight may be given to a patent's litigation history in connection with a motion for relief pendente lite. *Atlas Powder,* 773 F.2d at 1232, 227 USPQ at 291; *Smith International,* 718 F.2d at 1579, 219 USPQ at 691. Even the "severe rule" against the grant of preliminary injunctions in patent cases was tempered when a patent had been upheld in other forums or its validity had been acquiesced in by others. *See* 8 A.W. Deller, *Deller's Walker on Patents* § 686, 416–22 (2d ed. 1973 & Supp.1985) and cases cited therein. A prior adjudication upholding patent validity after a fully litigated trial, including similar issues of fact and law, contributes strong support to the grant of a preliminary injunction.

■ The decision for our review is not a final judgment of patent validity. Rather, we ascertain whether the district court correctly concluded that Robertson had demonstrated a reasonable likelihood that it will prevail on this issue. On the record before us, the court's conclusion is based on factual findings that have not been

shown to be clearly erroneous, it was not error to place weight on the Ohio district court's ruling on validity, and no error in law has been shown.

### The Wiesmann Patent

Following the district court's grant of the preliminary injunction, USD and Bouras moved for a stay, requesting additional discovery and a supplemental hearing for the purpose of presenting a "newly identified" reference, U.S. Patent No. 2,680,775 (the Wiesmann patent) assigned to Robertson, which USD and Bouras stated was significant to the issue of validity. Robertson reports that this patent had issued on June 6, 1954 and that it was not offered as newly discovered evidence, and argues that in any event this patent if considered would not change the result.

■ The district court denied the motion, but held that this reference "is considered to be part of the record of this matter although not considered substantively by the Court". *H.H. Robertson Co. v. United States Steel Deck, Inc.*, No. 84–533F (D.N.J.) (Order of May 27, 1986). There was no error in the district court's refusal to reopen the proceedings or otherwise to consider the reference, in the circumstances.

■ USD and Bouras ask this court to consider the Wiesmann patent in full substance. They argue that because this reference had first been offered to the district court it is not in fact presented for the first time on appeal. But this reference, although placed in the record by the district court, was not the subject of testimony or any other form of evaluation by that court. Initial consideration of evidence is not the appellate role. *Thomas & Betts Corp. v. Litton Systems, Inc.*, 720 F.2d 1572, 1581 n. 6, 220 USPQ 1, 7 n. 6, (Fed.Cir.1984). The reference is not properly before us and has not been considered.

### Infringement

The accused structures are described by the buildings in which they have been installed: the Maiden Lane, the Daily News, and the Blue Cross-Blue Shield. USD and Bouras argue that their current trench, the Blue Cross-Blue Shield design, is not "truly bottomless", and that the claims must be interpreted as a matter of law to exclude trenches that are only partially bottomless. To the district court USD and Bouras presented expert testimony in support of this position, countered by expert testimony on behalf of Robertson. The witnesses testified at length concerning the prosecution history and its impact on the interpretation and scope of the claims.

■ Claim construction is reviewed as a matter of law. *Fromson v. Advance Offset Plate, Inc.*, 720 F.2d 1565, 1569, 219 USPQ 1137, 1140 (Fed.Cir.1983). However, interpretation of a claim may depend on evidentiary material about which there is a factual dispute, requiring resolution of factual issues as a basis for interpretation of the claim. *See Moeller v. Ionetics, Inc.*, 794 F.2d 653, 656, 229 USPQ 992, 995 (Fed. Cir.1986); *Palumbo v. Don-Joy Co.*, 762 F.2d 969, 974, 226 USPQ 5, 8 (Fed.Cir. 1985). In this case, there was extensive testimony on the issue of claim construction, including the conflicting views of experts on both legal and factual questions. Those factual considerations that are pertinent to the district court's construction of the term "bottomless" are reviewed under the clearly erroneous standard.

The district court's construction of the claims is explained in relation to its holding on infringement, the court stating that the "key portion of the trench remains bottomless, *i.e.*, the portions giving direct access to the cells." *Robertson*, slip op. at 22. We are not persuaded of error in the district court's construction of the term "bottomless" to apply to the "key portion" of the trench, based on the evidence before it.

The accused structures, and the application thereto of the patent claims, were the subject of analysis and explanation by witnesses on both sides, aided by the physical exhibits. Our review shows thorough exposition of the opposing positions. The district court found that the accused subassemblies are "bottomless in that upper surface portions of the cellular units of the

metal subfloor in the region between said opposite sides cooperate with the sub-assembly to create an underfloor electrical cable trench, confront the cover plate, and are exposed to view when the cover plate is removed." *Id.* at 21. The court found that "the horizontal metal sections ... and the horizontal metal strip ... serve no function [and the] key portion of the trench remains bottomless." *Id.* at 21–22.

In its factual application of the claims to the accused devices, the findings of the district court have not been shown to be clearly in error.

■■■ The grant of a preliminary injunction does not require that infringement be proved beyond all question, or that there be no evidence supporting the viewpoint of the accused infringer. *Atlas Powder*, 773 F.2d at 1233, 227 USPQ at 292. The grant turns on the likelihood that Robertson will meet its burden at trial of proving infringement. We sustain the district court's conclusion that "there is a reasonable probability that Robertson will eventually establish that Bouras and USD induced infringement of the Fork '051 patent". *Robertson*, slip op. at 23.

### Equitable Considerations

The movant for preliminary injunction must show not only a reasonable likelihood of success on the merits, but also the lack of adequate remedy at law or other irreparable harm.

■■■ In matters involving patent rights, irreparable harm has been presumed when a clear showing has been made of patent validity and infringement. *Smith International*, 718 F.2d at 1581, 219 USPQ at 692. This presumption derives in part from the finite term of the patent grant, for patent expiration is not suspended during litigation, and the passage of time can work irremediable harm. The opportunity to practice an invention during the notoriously lengthy course of patent litigation may itself tempt infringers. *Teledyne Industries, Inc. v. Windmere Products, Inc.*, 433 F.Supp. 710, 739–40, 195 USPQ 354, 378 (S.D.Fla.1977).

■■■ The nature of the patent grant thus weighs against holding that monetary damages will always suffice to make the patentee whole, for the principal value of a patent is its statutory right to exclude. *See Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1548, 220 USPQ 193, 198 (Fed. Cir.1983) ("right to exclude recognized in a patent is but the essence of the concept of property"). The presumption of irreparable harm in patent cases is analogous to that applicable to other forms of intellectual property, as discussed in *Roper Corp.*, 757 F.2d at 1271–72, 225 USPQ at 348.

The district court held that irreparable injury was presumed because Robertson had established a "strong likelihood of success in establishing validity and infringement." *Robertson*, slip op. at 24. Such presumption of injury was not, however, irrebuttable. *Roper Corp.*, 757 F.2d at 1272, 225 USPQ at 349 (the presumption "is rebuttable by clear evidence"). The parties gave scant attention in their appellate briefs to the issues of irreparable injury and the balance of harms. During oral argument, in response to an inquiry from the bench, USD and Bouras urged that money damages are an adequate remedy. In response, Robertson emphasized the few remaining years of patent life.

■■■ Even when irreparable injury is presumed and not rebutted, it is still necessary to consider the balance of hardships. *Datascope Corp. v. Kontron Inc.*, 786 F.2d 398, 401, 229 USPQ 41, 42 (Fed.Cir.1986). The magnitude of the threatened injury to the patent owner is weighed, in the light of the strength of the showing of likelihood of success on the merits, against the injury to the accused infringer if the preliminary decision is in error. Results of other litigation involving the same patent may be taken into account, and the public interest is considered. No one element controls the result. *Litton Systems, Inc. v. Sundstrand Corp.*, 750 F.2d 952, 956–60, 224 USPQ 252, 255–59 (Fed.Cir.1984).

When the movant has shown the likelihood that the acts complained of are unlawful, the preliminary injunction "preserves the status quo if it prevents future tres-

passes but does not undertake to assess the pecuniary or other consequences of past trespasses." *Atlas Powder Co.,* 773 F.2d at 1232, 227 USPQ at 291. The court in *Atlas Powder* thus distinguished between remedies for past infringement, where there is no possibility of other than monetary relief, and prospective infringement, "which may have market effects never fully compensable in money." *Id.* The cautionary corollary is that a preliminary injunction improvidently granted may impart undeserved value to an unworthy patent.

Thus substantial deference is due the district court's equitable judgment. The district court in its opinion referred to the USD/Bouras portrayal of disruption, loss of business, and loss of jobs, *Robertson,* slip op. at 24, and to Robertson's business needs and patent rights. Observing that "[t]his patent does not have many more years to run", the court held "the equities weigh heavily against the wrongdoer." *Id.* The court stated that the "protection of patents furthers a strong public policy ... advanced by granting preliminary injunctive relief when it appears that, absent such relief, patent rights will be flagrantly violated." *Id.* at 24–25.

The grant of a preliminary injunction, if not based on legal error or a serious misjudgment of the evidence, is reviewable only to ascertain whether the grant was within a reasonable range of discretion. We have considered all of the arguments of the parties, and the record before us. The district court's conclusion reflects a reasonable consideration and balance of the pertinent factors, evaluated in accordance with the established jurisprudence, and does not exceed the court's discretionary authority.

AFFIRMED.