848 F.2d 1245
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ASTRONICS CORPORATION and Rodgard Corporation, Plaintiffs-Appellees,
v.
Theodore C. PATECELL and the Patecell Corporation,
Defendants-Appellants.
 No. 88-1109.
 United States Court of Appeals, Federal Circuit.
 May 31, 1988.
 
 Before NIES, Circuit Judge, BALDWIN, Senior Circuit Judge, and PAULINE NEWMAN, Circuit Judge.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 Theodore C. Patecell and The Patecell Corporation (collectively Patecell) appeal from the final order of the United States District Court for the Western District of New York, No. CIV-85-1226E (July 24, 1987), denying its motion for a preliminary injunction to prohibit Rodgard Corporation from making, using, or selling flat tire inserts that allegedly infringe Patecell's United States Patent No. Re. 28,196 and from engaging in alleged acts of unfair competition. We agree that the district court's analysis contains legal error but affirm on other grounds. This action is without prejudice to Patecell's bringing a new injunction motion.
 
 OPINION
 
 2
 In its denial of Patecell's motion for a preliminary injunction the district court erred in holding that "[t]he test for obtaining a preliminary injunction is even more stringent in patent cases for the moving party must demonstrate that the patent is valid beyond question and infringed.... Validity beyond question, may be established by long acquiescence or adjudication...." [Citations omitted.] That test placed too high a burden on Patecell. See, e.g., H.H. Robertson, Co. v. United Steel Deck, Inc., 820 F.2d 384, 387, 2 USPQ2d 1926, 1927 (Fed.Cir.1987) ("The standards applied to the grant of a preliminary injunction are no more nor less stringent in patent cases than in other areas of the law.").
 
 
 3
 Patecell was not required to prove validity "beyond question" to secure a preliminary injunction. A patent is presumed to be valid, Stratoflex, Inc. v. Aeroquip Corp., 713 F.2d 1530, 1534, 218 USPQ 871, 875 (Fed.Cir.1983); 35 U.S.C. Sec. 282, and the burden of proving invalidity falls on the accused infringer. Stratoflex, 713 F.2d at 1534, 218 USPQ at 875. That does not mean, however, that Patecell could simply rely on the presumption of patent validity to show likelihood of success at trial on that issue. It was Patecell's burden to show that Rodgard's validity attack on the '196 patent would likely fail. See H.H. Robertson, 820 F.2d at 387, 2 USPQ2d at 1928. Patecell need not submit evidence of a long acquiescence to its patent rights or of a prior adjudication upholding those rights to satisfy that burden. Although such evidence would weigh in favor of likelihood of success on the issue of validity, no adverse inference can be taken in the absence of that evidence.
 
 
 4
 The court further held that Patecell's delay in filing its preliminary injunction motion strongly undermined its claim of irreparable injury and, consequently, was fatal to Patecell's request for preliminary relief. However, in reaching that conclusion, the court did not discuss the underlying factual issues regarding whether Patecell's original notice letter charged Rodgard with infringement of a device no longer in production or whether other circumstances surrounding the alleged infringing activities had changed. Without the district court's resolution of those issues, this court is unable to discern whether the court erred in its analysis of irreparable harm. Accepting Patecell's view of the facts, it is entirely possible that Patecell became irreparably harmed after the government named the Rodgard insert as the classification test product.
 
 
 5
 Where a district court's injunction order fails to set forth sufficient factual findings to allow for meaningful review or is based upon faulty analysis, this court normally will reverse or vacate the order and remand for further consideration. See, e.g., Pretty Punch Shoppettes, Inc. v. Hauk, No. 87-1504 (Fed.Cir. April 21, 1988) (district court order denying motion for preliminary injunction vacated and remanded because court failed to provide sufficient factual findings allowing for meaningful review); Cordis Corp. v. Medtronic, Inc., 780 F.2d 991, 228 USPQ 189 (Fed.Cir.1985) (faulty analysis underlying district court's preliminary injunction order requires that order be vacated and matter remanded), cert. denied, 106 S.Ct. 1971 (1986). However, in this case, we see no need for a remand.
 
 
 6
 Despite the court's errors and omissions, we view them as harmless because Patecell failed to present sufficient evidence to make the requisite showing of irreparable harm and likelihood of success on Patecell's infringement and unfair competition claims for the grant of an injunction. Therefore, we affirm the district court's denial of Patecell's motion for a preliminary injunction on the record before us without prejudice to Patecell's bringing a new motion on a properly supported record.