884 F.2d 1398
 12 U.S.P.Q.2d 2023
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SOUTHWEST AEROSPACE CORPORATION, Plaintiff-Appellee,
v.
TELEDYNE INDUSTRIES, INC., and Teledyne Brown Engineering,
Defendants-Appellants.
 No. 89-1352.
 United States Court of Appeals, Federal Circuit.
 Aug. 7, 1989.
 
 Before NIES, NEWMAN, and ARCHER, Circuit Judges.
 DECISION
 NIES, Circuit Judge.
 
 
 1
 Teledyne Industries, Inc. and Teledyne Brown Engineering (collectively, Teledyne) appeal from the order of the United States District Court for the Northern District of Alabama, No. 88-HM-5425-NE (N.D.Ala. Dec. 5, 1988), granting Southwest Aerospace Corporation's (SAC's) application for a preliminary injunction under 35 U.S.C. Sec. 283 (1982). The court enjoined Teledyne from manufacture, use, or sale of any device within the scope of claims 1-5 of SAC's United States Patent No. 4,770,368 ( 368) covering a turbine air/vent reeling machine. We affirm.
 
 
 2
 This court applies the same four-factor test to review whether the district court should have issued a preliminary injunction as that court applied to decide the question initially. See Roper Corp. v. Litton Sys., Inc., 757 F.2d 1266, 1269, 225 USPQ 345, 346 (Fed.Cir.1985) (also listing the four factors). In conducting our review, we must balance the factors. See id. at 1269 n. 2, 225 USPQ at 346 n. 2. Moreover, the grant of preliminary injunctive relief is within the sound discretion of the district court, see H.H. Robertson, Co. v. United Steel Deck, Inc., 820 F.2d 384, 387, 2 USPQ2d 1926, 1927 (Fed.Cir.1987), and we will overturn its decision only if Teledyne establishes "that the ruling is based upon clearly erroneous findings of fact or a misapplication or misinterpretation of applicable law or that the ruling evidences a clear error of judgment on the part of the district court." Kingsdown Medical Consultants, Ltd. v. Hollister Inc., 863 F.2d 867, 876, 9 USPQ2d 1384, 1392 (Fed.Cir.1988) (in banc).
 
 
 3
 Teledyne challenges the court's conclusion that Teledyne was not likely to establish its defense of inequitable conduct. SAC admits making an incorrect statement in response to Teledyne's protest, which asserted, inter alia, that the invention claimed in the 368 patent was "on sale" within the meaning of 35 U.S.C. Sec. 102(b) (1982). SAC misstated that the improvement over devices which were on sale was not even conceived more than one year before the filing date for the 368 patent. For purposes of this appeal, Teledyne does not here contest that the invention (i.e., the improved device) was not "on sale," as the United States Patent and Trademark Office (PTO) stated in ruling on its protest, but contends, nevertheless, that SAC's misstatement constitutes inequitable conduct rendering SAC unlikely to succeed on the merits of its patent infringement suit. We are not persuaded. The record is devoid of any evidence of deceptive intent. Teledyne merely asks this court to infer such intent from an admitted misstatement. Absent some additional evidence on the issue, under the circumstances of this case, nothing compels an inference that the mistake was culpable. See Kingsdown, 863 F.2d at 876, 9 USPQ2d at 1392.
 
 
 4
 Accordingly, we cannot say that the district court abused its discretion in finding SAC likely to succeed on the merits.
 
 
 5
 Teledyne also challenges the scope of the district court's injunction on appeal, arguing that the injunction is overbroad because it failed to specifically exclude government contracting activities.* This court unequivocally rejected that precise argument in W.L. Gore & Associates, Inc. v. Garlock, Inc., 842 F.2d 1275, 6 USPQ2d 1277 (Fed.Cir.1988), holding that it was unnecessary to modify an injunction to allow an infringer "to bid on and participate in the sale to the government of [infringing] products." Id. at 1282, 6 USPQ2d at 1283. Because 28 U.S.C. Sec. 1498 (1982) "is paramount," injunctive relief is always subject to the condition that a patent owner's "only recourse" when an infringer manufacturers for the government "is to sue the United States in the United States Claims Court for its entire compensation." Id. at 1283, 6 USPQ2d at 1284. "[T]he injunction is necessarily subject to the [above] condition whether it says so or not." Id. Thus, Teledyne's argument fails for the reasons that SAC "is immune from" injunctive relief against manufacture for the United States and modification of the injunction is unnecessary because section 1498 gives Teledyne all that it asks for in its request for modification. Id. at 1282-83, 6 USPQ2d at 1284 (emphasis added).
 
 
 
 *
 On March 20, 1989, the district court refused to modify the injunction to permit government sales, and Teledyne filed a separate appeal. That appeal, No. 89-1379, was dismissed by consent of the parties on June 8, 1989