878 F.2d 1446
 12 U.S.P.Q.2d 1574
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
DREAMLITE HOLDINGS LIMITED, Koritza Investments Limited,
Alan Lawson and Paul Adams, Plaintiffs-Appellees,
v.
Gary S. KRASER and Supercar Limited, Defendants-Appellants.
 Nos. 89-1092, 89-1200.
 United States Court of Appeals, Federal Circuit.
 June 15, 1989.
Rehearing Denied July 21, 1989.
Suggestion for Rehearing In Banc Declined Aug. 11, 1989.
 
 Before MARKEY, Chief Judge, and PAULINE NEWMAN and MAYER, Circuit Judges.
 PER CURIAM.
 
 
 1
 On October 14, 1988, the United States District Court for the Eastern District of New York issued a memorandum opinion and an order granting Dreamlite Holdings' motion for a preliminary injunction. Dreamlite Holdings Limited et al. v. Kraser et al., No. 88-2957. The order became effective on October 20, 1988, when Dreamlite Holdings posted the required $50,000 bond. Kraser's motion to vacate, dissolve, or modify the preliminary injunction was denied on November 18, 1988. We are not persuaded that the court " 'abused its discretion, committed an error of law, or seriously misjudged the evidence,' " H.H. Robertson, Co. v. United Steel Deck, Inc., 820 F.2d 384, 387, 2 USPQ2d 1926, 1927 (Fed.Cir.1987) (quoting Smith International v. Hughes Tool Co., 718 F.2d 1573, 1579, 219 USPQ 686, 691 (Fed.Cir.1983)); accordingly, we affirm for the reasons set out by the court.
 
 
 2
 To maintain the status quo pending our review of the merits of the preliminary injunction, on March 14, 1989, we ordered Kraser to transfer its factory molds to a bonded warehouse instead of to Dreamlite Holdings. Because we now affirm the court's order which, in part, directs Kraser to "deliver to [Dreamlite Holdings] all ... product molds," we vacate that order. We do not reach Dreamlite Holdings' contention that Kraser was in contempt of it because of the factual questions raised by Kraser in opposition to Dreamlite Holdings' motion, and because we are satisfied that our reinstatement of the district court's order affords Dreamlite Holdings the opportunity to pursue its contentions in the district court if violation of that court's order occurs.
 
 
 3
 Dreamlite Holdings also moves "pursuant to Rule 38 of the Federal Rules of Appellate Procedure and Rule 11 of the Federal Rules of Civil Procedure, for sanctions to be assessed against appellants ... for the filing of and proceeding with a frivolous appeal." Kraser opposes the motion. The arguments of both parties having been duly considered, Dreamlite's motion is denied.