904 F.2d 45
 16 U.S.P.Q.2d 1158
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
DREXELBROOK CONTROLS, INC., Plaintiff-Appellant,
v.
MAGNETROL INTERNATIONAL, INC., Defendant-Appellee.
 No. 90-1010.
 United States Court of Appeals, Federal Circuit.
 May 8, 1990.
 
 D.Del., 720 F.Supp. 397.
 AFFIRMED.
 Before MARKEY, Chief Judge, and RICH and MICHEL, Circuit Judges.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 Drexelbrook Controls, Inc. (Drexelbrook) appeals from the August 30, 1989, Order of the United States District Court for the District of Delaware, Drexelbrook Controls, Inc. v. Magnetrol International, Inc., 720 F.Supp. 397, 12 USPQ2d 1608 (D.Del.1989) denying its motion for a preliminary injunction against Magnetrol International, Inc. (Magnetrol). Drexelbrook sought to enjoin Magnetrol from making, using, or selling Magnetrol's KOTRON Two-Wire Level Transmitter, which, according to Drexelbrook, infringes its United States patent No. 4,146,834. Our jurisdiction is under 28 U.S.C. Secs. 1292(c)(1) and 1295 (1982). We affirm.
 
 OPINION
 
 2
 We have often emphasized the heavy burden an appellant bears if he is to obtain reversal of a district court's discretionary denial of a preliminary injunction. As we noted in T.J. Smith & Nephew Ltd. v. Consolidated Medical Equip., 821 F.2d 646, 646-47 3 USPQ2d 1316, 1317 (Fed.Cir.1987):
 
 
 3
 The scope of review of a denial of an injunction is narrow. "By its terms, 35 U.S.C. Sec. 283 'clearly makes the issuance of an injunction discretionary.' " [Citations omitted.] "One denied a preliminary injunction must meet the heavy burden of showing that the district court abused its discretion, committed an error of law, or seriously misjudged the evidence." [Citations omitted.]
 
 
 4
 We have carefully reviewed Judge Wright's comprehensive and carefully considered lengthy opinion, but have found no error of law, abuse of discretion, or serious misjudgment of the evidence.
 
 
 5
 Drexelbrook's principal argument is that the judge shifted the burden of proof as to validity from Magnetrol to Drexelbrook. Drexelbrook focuses on the judge's statement that preliminary injunctive relief is unwarranted when a patent owner does not "dispel sufficiently any doubts as to the validity of the patent." 720 F.Supp. at 405, 12 USPQ2d at 1614.
 
 
 6
 Taken in context, we are not persuaded that the judge's statement reflected an erroneous view of the law. Magnetrol had produced prior art which, the judge concluded, created serious questions as to the validity of the claims. 720 F.Supp. at 402-03, 12 USPQ2d at 1612. Faced with that, and having the ultimate burden to persuade the court that Magnetrol would likely fail on its invalidity defenses, Drexelbrook was required to confront the serious questions on validity and convince the judge that Magnetrol probably would not prevail on its invalidity defense. See H.H. Robertson Co. v. United Steel Deck, Inc., 820 F.2d 384, 387-88, 2 USPQ2d 1926, 1927-28 (Fed.Cir.1987).
 
 
 7
 Drexelbrook also questions a similar statement by Judge Wright on the issue of whether one of ordinary skill in the art would have combined the teachings of various prior art references. Judge Wright remarked: "[T]he evidence introduced by Magnetrol creates a sufficient question as to whether there is any teaching or suggestion in any of the references, or in the prior art as a whole, that would lead one with ordinary skill in the art to make the combination." 720 F.Supp. at 403, 12 USPQ2d at 1612. Once again, we are not persuaded that the judge's statement, taken in context, was an erroneous view of the law. Magnetrol had introduced evidence of prior art which, it contended, rendered the claims invalid. In response, Drexelbrook argued that certain of the prior art cited by Magnetrol would not have been considered by one of ordinary skill in the art. Magnetrol, of course, disagreed, contending that the prior art would have been considered. In this context, a statement by the judge that Drexelbrook failed to dispel the serious doubts created by Magnetrol's evidence on this issue was proper.
 
 
 8
 We have considered Drexelbrook's other arguments but find them unpersuasive. While the ultimate question whether to issue a preliminary injunction here is a close one, as Judge Wright obviously recognized, with much that can be said by either side, it is precisely in that situation that the decision should be left to the discretion of the trial judge. His decision "is reviewable only to ascertain whether the grant [or denial] was within a reasonable range of discretion." H.H. Robertson, 820 F.2d at 391, 2 USPQ2d at 1930.