**LAMBTON MANUFACTURING LTD., Plaintiff,**

v.

**Robert H. YOUNG and Young Manufacturing Company, Inc., Defendants.**

Civ. A. No. 92–0065–O(CS).

United States District Court, W.D. Kentucky, at Owensboro.

March 11, 1993.

James Douglas Moyer, Robert W. Griffith, Stites & Harbison, Louisville, KY, Paul G. Gagne, James A. Drobile, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, and Robert Charles Beam, Blue Bell, PA, for plaintiff, Lambton Mfg. Ltd.

Thomas M. McGraw, Schubert, Bellwoar, Mallon & Walheim, Philadelphia, PA, Joseph W. Berenato, III, Myers, Rose & Liniak, Bethesda, MD, and M.L. Miller, Robert & Miller, Louisville, KY, for defendants Robert H. Young and Young Mfg. Co., Inc.

### MEMORANDUM OPINION

SIMPSON, District Judge.

This matter is before the court on motion of the defendant, Robert H. Young (hereinafter "Young"), for partial summary judgment on the issue of willfulness and motion for a preliminary injunction in this declaratory judgment action. The plaintiff, Lambton Manufacturing Ltd. (hereinafter "Lambton"), a Quebec company, filed suit against Young seeking a declaration that U.S. Letters Patent No. 4,730,425 ("the '425 patent") owned by Young is invalid and uninfringed by Lambton's device. Young filed a counterclaim alleging infringement of the '425 patent and willful conduct by Lambton in manufacturing and selling an infringing device.

The '425 patented device is a moisture compensating returned stair tread. The accused device is a moisture compensating returned stair tread developed by René Bellegarde, President of Lambton in 1976–77, allegedly before he became aware of the existence of the '425 patent.

Young is the owner and Chief Executive Officer of Young Manufacturing Company, Inc. which manufactures and sells the '425 patented device in the United States. Lamb-

ton has known of Young Manufacturing Company, Inc. for approximately twenty years. In 1984, Lambton learned that Young Manufacturing was the leader in the United States for manufacturing stair treads and Lambton visited Young Manufacturing's facility.

In early 1990, the Lambton device was being manufactured and was marketed with some success in New England. At that time, Lambton sought to develop the United States market for his device and hired a U.S. sales manager for that purpose.

During the summer of 1990, Lambton's U.S. sales manager brought Bellegarde a sample of the Young Manufacturing device that he had obtained from a distributor. The sample did not have any manufacturer's markings. In June of 1990, Bellegarde was informed that Young had obtained a patent on his stair tread.

In August of 1990, Lambton shipped some of its treads to its distributor in Atlanta. Bellegarde has stated that he did not intend for those treads to be sold until after Lambton investigated the '425 patent; however, some treads from that shipment were, in fact, sold. Lambton continued to manufacture the treads but Bellegarde instructed that the treads were not to be sold.

In the fall of 1990, Bellegarde obtained a copy of the '425 patent, reviewed it, compared the Lambton device with the patent and compared the Lambton device with the Young Manufacturing device. Bellegarde decided that the Lambton device did not infringe on the '425 patent.

In April of 1991, Young's attorney gave notice to Lambton that Young claimed that the Lambton tread infringed the '425 patent. Lambton has continued selling its device.

Bellegarde has unsuccessfully sought to have his device patented.

On June 3, 1991, Lambton filed suit against Young and Young Manufacturing in the United States District Court for the Eastern District of Pennsylvania. Although Lambton is a corporation organized and existing under the laws of the province of Quebec with its principal place of business at Lambton, Quebec, it had a regular and established place of business in Maple Glen, Pennsylvania at the time the lawsuit was filed. The action was transferred from Pennsylvania to the Louisville Division in the Western District of Kentucky and finally to the Owensboro Division, the division which embraces Ohio County, Kentucky. Young Manufacturing has its principal place of business in Beaver Dam, Ohio County, Kentucky. Lambton has not disputed the assertion that it has no assets in the United States which could be seized in satisfaction of a judgment in this case. Further, Lambton has not disputed the asserted difficulty which would arise in attempting to enforce a judgment against it in Canada. Lambton has not requested that a bond be required of Young as a condition for the issuance of a preliminary injunction.

On August 12, 1992, this court granted Young's motion to compel the production of opinions of counsel obtained by Lambton with reference to the '425 patent. Lambton was ordered either to provide the requested discovery or be barred from relying upon the opinion of Robert Charles Beam at trial. Lambton informed Young by letter of September 1, 1992 that it did not intend to rely upon opinion of counsel as a defense to willful infringement and, accordingly, would not produce Mr. Beam for deposition nor produce any opinion of counsel or documents requested in the subpoena addressed to Beam.

## A

Young has moved for summary judgment on the issue of willfulness. Young contends that no genuine issue of material fact exists on this issue and that the court should find Lambton's infringement of the '425 patent to be willful, should such infringement be established.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 151–60, 90 S.Ct. 1598, 1605–10, 26 L.Ed.2d 142 (1970); *Felix v. Young,* 536 F.2d 1126, 1134 (6th Cir.1976). Not every factual dispute between the parties will pre-

vent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the nonmoving party. *Id.* at 247, 106 S.Ct. at 2510. The disputed issue does not have to be resolved conclusively in favor of the nonmoving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.,* 303 F.2d 425 (6th Cir. 1962).

■■■ In an appropriate case, the issue of willfulness in a patent infringement action may properly be resolved on summary judgment. *Avia Group Int'l, Inc. v. L.A. Gear, California,* 853 F.2d 1557 (Fed.Cir.1988). Where a potential infringer has actual notice of another's patent rights, an affirmative duty exists to exercise due care. The duty of due care normally requires the potential infringer to obtain competent legal advice of counsel before infringing or continuing to infringe. *Rolls–Royce Ltd. v. GTE Valeron Corp.,* 800 F.2d 1101, 1109 (Fed.Cir.1986). The question of whether an infringement is willful is one of fact. *Shatterproof Glass Corp. v. Libbey–Owens Ford Co.,* 758 F.2d 613, 128 (Fed.Cir.), *cert. dismissed,* 474 U.S. 976, 106 S.Ct. 340, 88 L.Ed.2d 326 (1985).

■■■ Failure to obtain opinion of counsel is not conclusive on the issue of willfulness. However, this court must determine "whether, under all the circumstances, a reasonable person would prudently conduct himself with any confidence that a court might hold the patent invalid or not infringed." *Ryco, Inc. v. Ag–Bag Corp.,* 857 F.2d 1418, 1428 (Fed.Cir.1988). Where no exculpatory opinion of counsel is produced, a court may infer that either no opinion was obtained or, if an opinion was obtained, it was contrary to the position taken by the alleged infringer. *See Fromson v. Western Litho Plate and Supply Co.,* 853 F.2d 1568 (Fed.Cir.1988); *Kloster Speedsteel A.B. v. Crucible, Inc.,* 793 F.2d 1565 (Fed.Cir.), *cert. denied,* 479 U.S. 1034, 107 S.Ct. 882, 93 L.Ed.2d 836 (1987).

■■■ It is undisputed that Lambton continued to manufacture and sell its device after receiving a copy of the '425 patent and after receiving actual notice of Young's claim of infringement. In fact, a United States sales manager was hired for the express purpose of further developing the American market for the Lambton device.

The only suggestion of good faith by Lambton is the statement of Bellegarde:

> I reviewed the patent and compared it to our product. I also compared my tread to the tread that I now knew to be Young's. I was convinced that my product did not in any way infringe on the Young patent.

Bellegarde Affidavit, ¶ 24. "General assertions of fact issues, general denials, and conclusory statements are insufficient to shoulder the non-movant's burden." *Chemical Engineering v. Essef Industries, Inc.,* 795 F.2d 1565, 1571 (Fed.Cir.1986).

There is no dispute that Bellegarde is neither a patent attorney nor an engineer. His "analysis" is wholly insufficient to establish reasonable prudence in confidently assuming that a court might hold the '425 patent invalid or not infringed. *Ryco, Inc., supra.*

We find, therefore, that Young is entitled to judgment as a matter of law on the issue of willfulness in the event that infringement by Lambton is proved.

### B

Young has moved for an injunction preliminarily enjoining Lambton from continuing its purported infringement of the '425 patent.

35 U.S.C. § 283 states:

> The several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right

secured by patent, on such terms as the court deems reasonable.

 Young must establish a right to a preliminary injunction in light of the following factors:

1. Reasonable likelihood of success on the merits;

2. Irreparable harm;

3. The balance of hardships tipping in favor of the movant; and

4. The impact of the injunction on the public interest.

*Hybritech, Inc. v. Abbott Laboratories,* 849 F.2d 1446, 1451 (Fed.Cir.1988).

### 1. Likelihood of Success on the Merits

 Young has shown a reasonable likelihood of success on the merits in ultimately establishing (1) that the '425 patent has been infringed and (2) that the patent has not been shown to be invalid or unenforceable. 35 U.S.C. § 282 states, in pertinent part:

A patent shall be presumed valid. Each claim of a patent (whether independent, dependent, or multiple dependent forms) shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim. The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity.

The party asserting invalidity bears the burden of persuasion. That party must establish by clear and convincing evidence a *prima facie* case of invalidity before the patent holder will be required to come forward with evidence to the contrary. *Buildex, Inc. v. Kason Industries, Inc.,* 849 F.2d 1461 (Fed. Cir.1988).

While Lambton has made general allegations in the complaint that the '425 patent is "vague," "indefinite," "invalid," and "unenforceable" (¶¶ 7 and 8), it has come forward with neither evidence nor argument regarding any of these assertions in its opposition to the motion for preliminary injunction. The presumption of validity, therefore, controls at this juncture, and we find no sugges-

tion that the patent should be otherwise unenforceable.

 "The law of infringement requires that the asserted claims be compared with the products or processes accused of infringement." *Amstar Corp. v. Envirotech Corp.,* 730 F.2d 1476, 1481 (Fed.Cir.), *cert. denied,* 469 U.S. 924, 105 S.Ct. 306, 83 L.Ed.2d 240 (1984), citing *Graver Tank & Manufacturing Co. v. Linde Air Products Co.,* 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed. 1097 (1950). The burden is on the patentee to establish infringement. *Intervet America v. Kee–Vet Laboratories,* 887 F.2d 1050, 1055 (Fed.Cir.1989). In determining the fact of infringement, the court must compare the allegedly infringing product with the claims of the patent, not with the patentee's product. *Id.*

The parties are in agreement that the issue of infringement may be simply stated as the question whether the three rearwardly spaced pins passing through the nosing into the tongue of the Lambton tread secure the nosing to the tread. Lambton asserts that because the pins secure the nosing to the tread throughout the length of the tread, its device does not read on Claim 1 of the '425 patent which limits the "means for securing" to the "forward end portion" of the tread. Lambton argues that the nosing is secured to the tread only in a region which is located on a forward end portion of the tread forward of the slidably connected tongue and groove construction of tread and nosing. (Claim 1).

It is undisputed that the nosing of the Lambton device is secured on a forward end portion of the tread. The question is whether the rearward construction, which is moveable, as allowed by the thin wire pins, literally infringes the '425 patent.

"The court must compare the accused structure with the *disclosed structure* and must find equivalent *structure* as well as *identity* of claimed *function* for that structure." *Pennwalt Corp. v. Durand–Wayland, Inc.,* 833 F.2d 931, 934 (Fed.Cir.), *cert. denied,* 485 U.S. 961, 108 S.Ct. 1226, 99 L.Ed.2d 426 (1988) (emphasis in original) (citations omitted).

■ The court must begin with proper interpretation of the claims before it can be determined whether the claims encompass the accused structure. *See Hybritech,* 849 F.2d at 1455.

■ Young's expert, Jere W. Sears, has stated his opinion that the customary use of the term "secured" implies two items fastened together or otherwise made as one. The ordinary and accustomed meaning applies in considering the meaning of terms utilized in the patent. *See Intellicall, Inc. v. Phonometrics, Inc.,* 952 F.2d 1384 (Fed.Cir. 1992) and cases cited therein. Sears states that the Lambton device literally infringes Claims 1, 9, and 10 of the '425 patent.

Lambton has offered no expert opinion to contest the claim interpretation of Sears or his opinion regarding infringement. Lambton has offered Bellegarde's comparison of the devices which does not assist in the analysis. It also has offered Bellegarde's opinion that the Lambton device does not infringe the '425 patent, but, as noted, Bellegarde is neither an attorney nor an engineer.

Lambton's counsel argues that the patent discloses "the total absence of *any connection, rigid or otherwise,* between the two elements throughout their remaining length." (Brief in Opposition, p. 11). While this statement is completely unsupported by record evidence, we feel constrained to state that this argument is unconvincing in light of Sears' opinion that the Lambton pins have no appreciable effect, thus the "means for securing" utilized by Lambton is essentially only the secured front end of the nosing. Thus it appears likely that this court would find, in the Lambton device, equivalent structure and identity of claimed function for that structure to that which is taught in Claim 1 of the '425 patent.

Further, the doctrine of file wrapper estoppel is of no assistance to Lambton in this instance inasmuch as it is Young's contention that the nosing in the Lambton tread is not secured throughout its length, but rather utilizes a means for securing only the forward end portion of the nosing, as taught in Claim 1 of the '425 patent. Young does not suggest that the coverage of his Claim 1

should be extended to cover a nosing secured throughout its length.

We think it likely, therefore, based upon the record, that there is a reasonable likelihood that Young will succeed on the merits of the claim.

### 2. Irreparable Harm

■ Irreparable harm may be presumed where there has been a clear showing of patent validity and infringement. *H.H. Robertson Co. v. United Steel Deck, Inc.,* 820 F.2d 384, 390 (Fed.Cir.1987):

> This presumption derives in part from the finite term of the patent grant, for patent expiration is not suspended during litigation, and the passage of time can work irremediable harm.... The nature of the patent grant thus weighs against holding that monetary damages will always suffice to make the patentee whole for the principal value of a patent is its statutory right to exclude.

Further, it is undisputed that Lambton has no substantial assets in the United States to satisfy a money judgment against it. Lambton has not sought to have Young post a bond in this matter.

### 3. The Balance of Hardships

Lambton has not articulated any hardship which it would face should the injunction issue, nor has it contested Young's assertion that it will suffer hardship. Young asserts that the value of the '425 patent will be diminished insofar as Young will probably be unable to recover a money judgment for infringement and his licensee will suffer diminished market penetration for the patented device. Young further claims, and Lambton has not disputed, that Lambton sells products other than the stair treads in question and thus may minimize financial hardship to it by concentrating on the sale of its other products.

In balancing the harm that will occur to Young from the denial of the preliminary injunction with the harm that Lambton will incur if the injunction is granted, *Hybritech,* 849 F.2d at 1457, we can only conclude on the present record that the balance of hardships

tips in favor of granting the injunction sought by Young.

### 4. Impact of the Injunction on the Public Interest

■ The focus in assessing this fourth factor is whether there exists some critical public interest that would be injured by the grant of preliminary relief. *Hybritech,* 849 F.2d at 1458. Again, Lambton has offered no input on this issue. It seems to this court unlikely that the grant of injunctive relief regarding the stair tread in issue would impact the public interest in any significant respect.

### 5. Security

Rule 65(c) of the Federal Rules of Civil Procedure states:

> No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

Young has requested that no bond be required. Lambton has failed to address the issue.

This court will order the posting of a bond in the amount of $1,000.00.

A separate order will be entered this date in accordance with this opinion.

### ORDER

The defendant, Robert H. Young ("Young"), having moved pursuant to Federal Rule of Civil Procedure 65(a) for an order preliminarily enjoining plaintiff, Lambton Manufacturing Ltd. ("Lambton"), from infringement of U.S. Letters Patent No. 4,730,-425, and the court having considered the memoranda and exhibits filed by the parties and having concluded that (1) Young has shown a reasonable likelihood of success on the merits in establishing by clear and convincing evidence (a) he owns the patent and said patent is presumed valid, (b) Lambton has not shown that the patent is invalid or unenforceable, and (c) that the patent has

been and is being infringed, (2) irreparable harm has been shown because Lambton has no seizable assets in the United States and because such harm may be presumed by Young's clear showing of validity and infringement, (3) the balance of hardships tips in Young's favor, and (4) the impact of the injunction on the public interest is minimal, and for the reasons set forth in the memorandum opinion entered herein this date, and the court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that, in accordance with the memorandum opinion entered herein this date,

Plaintiff, Lambton Manufacturing Ltd., its officers, agents, servants, employees and those persons in active concert and participation with them who receive actual notice of the order by personal service or otherwise, are hereby preliminarily restrained and enjoined from and after entry hereof until this order is otherwise modified from directly or indirectly infringing said U.S. Letters Patent No. 4,730,425 by making, using, or selling or causing to be made, used, or sold, moisture compensating returned stair treads.

Security shall be posted by Robert H. Young in the amount of $1,000.00 as a condition of issuance of this order of preliminary injunctive relief.

**IT IS SO ORDERED.**