**PRETTY PUNCH SHOPPETTES, INC.,**
**Plaintiff–Appellant,**

v.

**Marge HAUK, d/b/a Creative Wonders,**
**Defendant–Appellee.**

**No. 87–1504.**

United States Court of Appeals,
Federal Circuit.

April 21, 1988.

Stephen D. Milbrath, Litchford, Christopher and Milbrath, Orlando, Fla., argued for plaintiff-appellant.

Joseph C. Mason, Jr., Joseph C. Mason, Jr., P.A., Clearwater, Fla., argued for defendant-appellee. With him on the brief were Herbert W. Larson and Anne S. Mason.

Before SMITH, BISSELL and ARCHER, Circuit Judges.

BISSELL, Circuit Judge.

Pretty Punch Shoppettes, Inc. (Pretty Punch) appeals an order of the United States District Court for the Middle District of Florida, Tampa Division, *Pretty Punch Shoppettes, Inc. v. Marge Hauk, d/b/a Creative Wonders*, No. 87–667–CIV–T–17A (May 29, 1987), denying Pretty Punch's motion for a preliminary injunction. We vacate and remand.

I

Pretty Punch is a wholesale manufacturer of "punch embroidery" supplies and the exclusive licensee of United States Letters Patent No. 4,479,445 ('445). The '445 patent discloses and claims an adjustable embroidery tool or needle that Pretty Punch markets under the name "DIAL–A–LOOP." In April 1987, a dealer for Pretty Punch learned that Marge Hauk, d/b/a Creative Wonders (Hauk), was selling a similar adjustable embroidery needle under the name "Wonder Needle." Shortly thereafter, Pretty Punch filed suit charging Hauk with infringement and seeking to preliminarily enjoin Hauk from selling her "Wonder Needle."

After considering the parties' affidavits, memoranda of law, and the evidence offered during a one-half day evidentiary hearing, the trial court entered an unpublished order denying the injunctive relief sought. We set out the order below to assist us in explaining its deficiencies.

ORDER DENYING PRELIMINARY INJUNCTION

This cause is before the Court on Motion for Preliminary Injunction. Evidentiary hearing on the motion was held May 22, 1987. Pursuant to that hearing, and taking into consideration testimony, affidavits, and post-hearing memorandum filed by both parties, this Court hereby denies the Motion for Preliminary Injunction for the following reasons.

Whether a preliminary injunction should issue turns upon four factors: 1) the probability that the movant will succeed on the merits; 2) the threat of irreparable harm to the movant should a preliminary injunction be denied; 3) the balance between this harm and the harm that granting the injunction will cause to the other parties litigant; and 4) the public interest. *Dataphase Systems Inc. v. C.L. Systems, Inc.*, 640 F.2d 109 (8th Cir.1981).

All four factors must be balanced by the Court to determine whether or not preliminary injunction should issue. Because this Court finds that elements one and two have not been established, the injunction shall not issue.

In the present action Plaintiff holds a patent, and is asking for temporary injunction to enjoin alleged infringement [sic] of that patent. To establish the likelihood that Plaintiff will succeed on the merits, Plaintiff must establish the validity of the patent and the fact of infringment [sic]. According to 35 U.S.C. § 282, "... a patent shall be presumed valid ...". Plaintiff introduced a copy of the patent, United States Patent Number 4,479,445, into evidence. Testimony was also received as to the holders of the patent. For the purposes of the hearing, and this order, the validity of the patent was established to this Court's satisfaction. However, this Court is not convinced as to the probability of Plaintiff prevailing on the merits when it comes to the issue of infringment [sic].

Plaintiff has patented an adjustable embroidery tool. Plaintiff manufactures and markets this tool. Defendant also manufactures and markets an adjustable embroidery tool. Plaintiff alleges that Defendant's product infringes on Plaintiff's patent. Expert testimony was introduced on this issue. The allegedly infringing device was introduced into evidence, as was the patented device.

Plaintiff attempted to introduce evidence that Defendant was copying patterns and color charts. However, the pleadings do not properly frame these issues, and this Court did not consider them in making its determination.

After hearing all the testimony, and examining the evidence and affidavits presented, this Court cannot say at this time that Plaintiff is likely to prevail on the merits. There are too many issues of fact yet to be determined. Accordingly, element one has not been proven to this Court's satisfaction.

The second element Plaintiff must establish is irreparable injury. Plaintiff made no showing that Defendant is financially irresponsible. Defendant has sworn by affidavit that she has a successful business, and believes herself able to carry responsibility for any damages found to be due Plaintiff. Plaintiff did not contest this fact, and introduced no evidence as to inability of the Defendant to make Plaintiff whole. No evidence as to injury was introduced, except for the testimony of Shirley Rexroat.

Mrs. Rexroat testified that she thought her sales, and the sales of her distributors, would be harmed by the continuing sale of the alleged infringing needle. There was no showing that Plaintiff would suffer any unique financial or other loss, if the preliminary injunction were not granted. The evidence simply did not establish that Plaintiff would be irreparably harmed if a preliminary injunction were not granted.

Because elements one and two have not been established to this Court's satisfaction, the Court finds it unnecessary to address elements three and four. Accordingly, for the reasons stated in this opinion, it is

ORDERED that the motion for preliminary injunction be denied.

## II

■ We vacate the order because the trial court failed to make sufficient findings of fact as mandated by Rule 52 of the Federal Rules of Civil Procedure. *Digital Equip. Corp. v. Emulex Corp.*, 805 F.2d 380, 382, 231 USPQ 779, 781 (Fed.Cir.1986); *Loctite Corp. v. Ultraseal Ltd.*, 781 F.2d 861, 872–73, 228 USPQ 90, 97–98 (Fed.Cir. 1985). Rule 52(a) requires that the denial or grant of a preliminary injunction be supported by findings of fact. *Mayo v. Lakeland Highlands Canning Co.*, 309 U.S. 310, 316–17, 60 S.Ct. 517, 520, 84 L.Ed. 774 (1940). "The rule does not place a severe burden upon the trial judge, for [she] 'need only make brief, definite, pertinent findings and conclusions upon the contested matters.'" *Loctite*, 781 F.2d at 872, 228 USPQ at 97 (quoting 5A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 52.06[1] at 52–138 (2d ed. 1985)). However, the trial court must provide sufficient factual findings such that we may meaningfully review the merits of its order. *Loctite*, 781 F.2d at 873, 228 USPQ at 98.

In denying the preliminary injunction, the trial court stated that it was "not convinced as to the probability of [Pretty Punch] prevailing on the merits when it comes to the issue of infringment [sic]" because there were "too many issues of fact yet to be determined." These statements represent the extent of the trial court's findings, and do not explain why Pretty Punch had not established a reasonable likelihood of success on the issue of infringement. Pretty Punch's expert testified in detail why Hauk's needle infringed the claims of the '445 patent; both sides briefed the infringement issue, yet the trial court provided this court with no guidance as to why and how it arrived at its conclusion. We have no basis for evaluating what facts entered into the trial court's infringement analysis, or if that analysis comports with the standards articulated by this court.

■ Furthermore, in analyzing irreparable injury the trial court improperly focused on Hauk's statement that she would be able to meet any damages due Pretty Punch. *See Atlas Powder Co. v. Ireco Chems.*, 773 F.2d 1230, 1233, 227 USPQ 289, 292 (Fed.Cir.1985) (money award not sole remedy for future infringement). Thus the trial court erred in resolving

whether or not irreparable harm had been established because it ignored other factual considerations raised by Pretty Punch.

We have indicated that "[w]here the trial court fails to make [sufficient] findings, the judgment will normally be vacated and the action remanded...." *ACS Hosp. Sys., Inc. v. Montefiore Hosp.*, 732 F.2d 1572, 1578, 221 USPQ 929, 933 (Fed.Cir.1984); *see also Pullman–Standard v. Swint*, 456 U.S. 273, 291–92, 102 S.Ct. 1781, 1791–92, 72 L.Ed.2d 66 (1982) (if trial court fails to make findings judgment should be vacated and remanded). This is such a case. "[W]e have nothing before us to which appropriate appellate standards of review can be applied with respect to the *merits* of the subject injunction." *Digital*, 805 F.2d at 383, 231 USPQ at 781 (emphasis in original). Thus, appellate review is impossible and the trial court's order must be vacated.

VACATED AND REMANDED.