854 F.2d 1328
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
KEY MANUFACTURING GROUP, INC., Plaintiff-Appellee,
v.
MICRODOT, INC., Defendant-Appellant.
 No. 88-1153.
 United States Court of Appeals, Federal Circuit.
 July 22, 1988.
 
 Before FRIEDMAN, EDWARD S. SMITH and BISSELL, Circuit Judges.
 BISSELL, Circuit Judge.
 
 
 1
 Microdot, Inc. (Microdot) appeals the judgment of the district court, Civ. No. 81-71775 (E.D.Mich. Dec. 17, 1987), upholding the validity of reexamined United States Letters Patent No. B1-4,123,961 ('961) owned by Key Manufacturing Group, Inc. (Key), and finding that Microdot's capped wheel nuts infringed the '961 patent. We affirm-in-part, vacate-in-part and remand.
 
 BACKGROUND
 
 2
 The patent in suit discloses and claims a decorative capped wheel nut used for attaching a wheel to a car axle. The stainless steel cap is fastened to the nut body by welding. Both Key and Microdot manufacture capped wheel nuts.
 
 
 3
 After a non-jury trial, the district court in a memorandum opinion and order upheld the validity of the '961 patent. Key Mfg. Group, Inc. v. Microdot, Inc., 679 F.Supp. 648, 663, 4 USPQ2d 1687, 1699 (E.D.Mich.1987). The court also concluded that the reexamined claims, as amended, and the original claims were identical within the meaning of 35 U.S.C. Secs. 252, 307(b) (1982), and "that liability exists for the period prior to the issuance of the Reexamination Certificate." Id. at 662-63, 4 USPQ2d at 1698-99. Finally, the district court found that Microdot infringed the claims of the '961 patent. Id. at 663, 4 USPQ2d at 1699. Microdot appealed.
 
 OPINION
 A. Obviousness
 
 4
 Microdot contends that the district court applied the wrong legal standard for obviousness because it required Microdot to prove that the claimed invention was contained in a single prior art reference. We disagree. Although the district court's use of the term "suggest" is imprecise, see, e.g., Cable Elec. Prods., Inc. v. Genmark, Inc., 770 F.2d 1015, 1025, 226 USPQ 881, 886-87 (Fed.Cir.1985) (using "suggest" as a legal term of art indicating a level of disclosure by the prior art references probative of obviousness), it is clear from the opinion that the district court applied the correct legal standard in analyzing this issue. We have considered Microdot's other contentions on this point and find none of them persuasive.
 
 B. Reexamined Claims
 
 5
 Microdot next contends that Key cannot recover damages for infringement before the date of the reexamination certificate, because the reexamined claims are not "identical" to the original claims. Microdot points to three specific claim language amendments as representing substantial changes in the scope of the claims. Although Key amended the claim language in a quantitative sense during the PTO's reexamination, that alone does not dictate the result sought by Microdot. After carefully reviewing the reexamined claims, the district court concluded that they were "identical." We agree and see no reason to disturb its judgment on this issue.
 
 C. Infringement
 
 6
 The law is clear that literal infringement requires that each and every limitation set forth in the claim must be present in the accused device. See generally 4 D. Chisum, Patents Sec. 18.03 (1987). The district court found literal infringement despite its conclusion that "[t]he Microdot capped wheel nuts differs [sic] from those of Key." Key, 679 F.Supp. at 660, 4 USPQ2d at 1697. As the court explained:
 
 
 7
 The '961 patent describes a cap face of the nut body that is at right angles to the axis of the nut body. Likewise, the cap has an end which, when placed over the nut body, is at right angles to the axis of the nut body. ' 961 Reexamined Patent Claims 1,8. The Microdot capped wheel nuts, however, have a tapered cap. When welded together, the Microdot cap is not strictly at right angles with the nut body. Microdot also argues in this connection that there cannot be a "substantial area" of contact which is at right angles to the axis of the nut body.
 
 
 8
 These differences are of words which have no significance. The taper is almost undetectable and does not effect [sic] any important claim. As to "substantial area," the court notes that the Microdot nut does contact the cap where they are welded together. This contact is, therefore, around the entire circumference of the cap face of the nut body. If such insignificant differences were to prevent a finding of literal infringement, that doctrine would be meaningless.
 
 
 9
 Id. at 660-61, 4 USPQ2d at 1697.
 
 
 10
 The district court erred because it ignored claim limitations by labeling them as insignificant. All claim limitations are significant and must be considered. This error requires a remand unless the district court properly found infringement under the doctrine of equivalents. See Under Sea Indus., Inc. v. Dacor Corp., 833 F.2d 1551, 1557, 4 USPQ2d 1772, 1776 (Fed.Cir.1987).
 
 
 11
 The district court found that Microdot's capped wheel nuts infringed the '961 patent under the doctrine of equivalents because "[v]iewing the invention as a whole, Microdot's capped wheel nut 'performs substantially the same function in substantially the same way.' " Key, 679 F.Supp. at 661, 4 USPQ2d at 1697-98. The court's analysis under the doctrine, however, was incomplete. In analyzing infringement under the doctrine, claim limitations cannot be ignored, and "the plaintiff must show the presence of every element or its substantial equivalent in the accused device." Lemelson v. United States, 752 F.2d 1538, 1551, 224 USPQ 526, 533 (Fed.Cir.1985).
 
 
 12
 In its infringement analysis, furthermore, the district court made scant underlying factual findings. On remand, the district court must provide sufficient factual findings on infringement to enable a meaningful review of the merits of the its judgment. Fed.R.Civ.P. 52; Pretty Punch Shoppettes, Inc. v. Hauk, 844 F.2d 782, 784, 6 USPQ2d 1563, 1565 (Fed.Cir.1988).
 
 
 13
 Because of the errors of law and the lack of sufficient Rule 52 factual findings, we vacate and remand the infringement portion of the district court's judgment for further proceedings consistent with this opinion. Otherwise, the judgment is affirmed.
 
 COSTS
 
 14
 Costs to Key.