**EPIC METALS CORPORATION,**
Plaintiff–Appellee,

v.

**H.H. ROBERTSON COMPANY,**
Defendant–Appellant.

No. 88–1648.

United States Court of Appeals,
Federal Circuit.

March 28, 1989.

Rehearing Denied May 4, 1989.

Suggestion for Rehearing In Banc
Declined June 5, 1989.

Walter J. Blenko, Jr., of Eckert Seamans Cherin & Mellott, Pittsburgh, Pa., argued for plaintiff-appellee. With him on the brief was Ronald W. Folino.

Arland T. Stein, of Reed Smith Shaw & McClay, Pittsburgh, Pa., argued for defendant-appellant. With him on the brief were Frederick H. Colen and James G. Uber.

Before NEWMAN and BISSELL, Circuit Judges, and BENNETT, Senior Circuit Judge.

BISSELL, Circuit Judge.

H.H. Robertson Company (Robertson) appeals from an order of the United States District Court, *Epic Metals Corp. v. H.H. Robertson Co.*, No. 86–1714 (W.D.Pa. April 21, 1988), denying Robertson's motion to preliminarily enjoin Epic Metals Corporation (Epic) from allegedly infringing United States Patent No. 3,721,051 ('051), and from an order of the court, *Epic Metals Corp. v. H.H. Robertson Co.*, No. 86–1714 (W.D.Pa. August 31, 1988), denying Robertson's Federal Rule of Civil Procedure 52(b) motion. We vacate and remand.

## BACKGROUND

Robertson, the assignee of the '051 patent that claims an electrified floor structure, sued Epic in 1985 alleging infringement of that patent by Epic's sale of various trench sub-assemblies (1985 infringement suit). In settlement of the 1985 infringement suit, the district court entered a consent judgment providing, in pertinent part, that:

> It is hereby ORDERED, ADJUDICATED AND DECREED, that a final judgment in favor of plaintiff Robertson and against defendant Epic is hereby granted and entered in this action as follows:
>
> . . . .
>
> 3. Subject to sentence two of this paragraph, United States Patent No. 3,721,-051 was lawfully granted by the United States Patent and Trademark Office after due consideration. Claims 1, 2, 4, 6, 8, 9, 13 and 14 of said United States Letters Patent No. 3,721,051 are valid over the prior art before the United States Patent and Trademark Office during the pendency of said United States Letters Patent No. 3,721,051, and the prior art considered by the United States District Court in the trial involving said patent, *H. H. Robertson Company v. Bargar Metal Fabricating Co.*, [225 USPQ 1191, 1984 WL 1849 (N.D. Ohio 1984)] in the Northern District of Ohio in March 1984.
>
> 4. Defendant Epic has infringed and contributorily infringed United States Letters Patent No. 3,721,051. Specifically, Epic has infringed said Letters Patent by actively inducing others to assemble the components of bottomless electrical cable trench sub-assemblies, which Epic has referred to as "intermittent trench" and "IBT trenchduct". . . .
>
> . . . .
>
> 8. The parties do not by this Consent Judgment take a position on whether or not the trench components and resulting assembled electrified floor structure substantially as illustrated in Exhibit A attached hereto, which Epic may or may not make in the future, would be an infringement or a contributory infringement of United States Letters Patent No. 3,721,051. Defendant reserves the right to contest infringement of the structure as illustrated in Exhibit A on the basis that it is following the prior art or is an obvious modification of the prior art.

*H. H. Robertson Co. v. Epic Metals Corp.*, No. 85–1265, slip op. at 1–3 (W.D.Pa. June 12, 1985).

On August 12, 1986, Epic filed a declaratory judgment action seeking a determination that the '051 patent is invalid and that the Exhibit A floor structure does not infringe that patent. Robertson moved for summary judgment on validity and infringement or, in the alternative, for a preliminary injunction. In denying the summary judgment motion, the district court construed paragraph 8 of the consent judgment as including an express reservation by Epic to challenge the validity of the '051 patent on the basis of prior art not before the court in *H.H. Robertson Co. v. Bargar Metal Fabricating Co.*, 225 USPQ 1191 (N.D.Ohio 1984), or before the United States Patent and Trademark Office. *Epic*

*Metals,* No. 86–1714, slip op. at 6–10 (W.D.Pa. April 21, 1988). Based on this perceived express reservation and applying principles of claim preclusion, the court held that the consent judgment did not bar Epic from litigating the '051 patent's validity. *Id.* Additionally, it denied the preliminary injunction motion because no likelihood of success on validity had been shown. *Id.* at 10–12. The court made no other determinations.

Robertson moved under Federal Rule of Civil Procedure 52(b) to amend the court's findings, to make additional findings, and to amend the April 21, 1988 order. Although the court denied the motion, it amended the conclusion underlying the original order; the court construed the consent judgment as expressly reserving Epic's right to challenge the validity of the '051 patent on the basis of prior art not reasonably known by Epic at the time the consent judgment was entered. *Epic Metals,* No. 86–1714, slip op. at 9–13 (W.D.Pa. August 31, 1988). The court further concluded that, under claim preclusion, Epic's partial reservation prevented the consent judgment from barring a claim of invalidity. *Id.* at 10. The court also determined that issue preclusion applied only to prior art actually referenced in paragraph 3 of the consent judgment. *Id.* at 10–12. Robertson appeals the denial of the preliminary injunction motion.

### ISSUES

1. Whether the doctrine of res judicata bars subsequent litigation of the '051 patent's validity.

2. Whether the district court abused its discretion in denying the preliminary injunction on the basis that no likelihood of success on validity had been shown.

### OPINION

### I.

■ District court orders granting or denying preliminary injunctions are appealable under 28 U.S.C. § 1292(c)(1) (Supp. IV 1986). In patent cases, this court has exclusive jurisdiction over such appeals. *See, e.g., Smith Int'l, Inc. v. Hughes Tool Co.,* 718 F.2d 1573, 1579, 219 USPQ 686, 691 (Fed.Cir.), *cert. denied,* 464 U.S. 996, 104 S.Ct. 493, 78 L.Ed.2d 687 (1983).

### II.

■ The Supreme Court in *Nevada v. United States,* 463 U.S. 110, 129–30, 103 S.Ct. 2906, 2918, 77 L.Ed.2d 509 (1983), stated:

> Simply put, the doctrine of res judicata provides that when a final judgment has been entered on the merits of a case, "[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac,* 94 U.S. 351, 352 [24 L.Ed. 195] (1877). The final "judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever." *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948).

In applying the doctrine of res judicata in this case, we must look to Third Circuit law, *see Hartley v. Mentor Corp.,* 869 F.2d 1469, 1471 n. 1 (Fed.Cir.1989) (stating that application of principles of res judicata is not a matter committed to the exclusive jurisdiction of the Federal Circuit), to determine if consent judgments have the same force and effect as judgments entered after a trial on the merits. They do. *Interdynamics, Inc. v. Firma Wolf,* 653 F.2d 93, 96–97, 210 USPQ 868, 871 (3d Cir.), *cert. denied,* 454 U.S. 1092, 102 S.Ct. 658, 70 L.Ed.2d 631 (1981).

■ The district court here correctly recognized that a party may expressly reserve in a consent judgment the right to relitigate some or all issues that would have otherwise been barred between the same parties. *Epic Metals,* No. 86–1714, slip op. at 9 (W.D.Pa. April 21, 1988) (citing *United States v. Athlone Industries, Inc.,* 746 F.2d 977, 983 n. 5 (3d Cir.1984)); *see also* Restatement (Second) of Judgments § 26(1)(a) & comment a (1982) (stating that parties may agree or consent to withdraw

and reserve part of a claim for subsequent actions). Any such reservation must be discerned within the four corners of the consent decree, and cannot be expanded beyond the decree's express terms. *See United States v. Armour & Co.*, 402 U.S. 673, 681–83, 91 S.Ct. 1752, 1757–58, 29 L.Ed.2d 256 (1971).

■ Robertson's present claim for infringement by the Exhibit A floor structure is not a new claim or a new cause of action. The Exhibit A floor structure was before the court in the 1985 infringement suit and was a part of the consent judgment. Any judgment declaring the '051 patent infringed by the Exhibit A floor structure would include, as a matter of law, a determination that the '051 patent is valid and enforceable. *See Young Eng'rs, Inc. v. United States Int'l Trade Comm'n*, 721 F.2d 1305, 1316, 219 USPQ 1142, 1152 (Fed.Cir.1983). With respect to a consent judgment covering infringement by the Exhibit A floor structure, any issue relating to the claim of infringement by that device, including the validity of the '051 patent, that is not expressly reserved is barred in future litigation between the parties. *Cf. id.* (explaining that, for purposes of claim preclusion in a second suit, an infringement claim embraces only the specific device(s) before the court in the first suit).

Epic's contention that the recitation of specific prior art in paragraph 3 of the consent judgment operates as an express reservation to relitigate validity with respect to any device, including the Exhibit A floor structure, is without merit. The only express reservation with respect to an Exhibit A infringement action is found in paragraph 8 and provides: "[Epic] reserves the right to contest infringement of the structure substantially as illustrated in Exhibit A on the basis that it is following the prior art or is an obvious modification of the prior art." *H.H. Robertson*, No. 85-1265, slip op. at 2 (W.D.Pa. June 12, 1985). This reservation refers only to contesting an Exhibit A floor structure infringement action on two grounds—the Exhibit A floor structure is following, or is an obvious modification of, the prior art. No other basis for contesting infringement by the Exhibit A floor structure, including validity of the '051 patent, was reserved.

The district court erred in construing the consent judgment as allowing Epic, in contesting infringement by its Exhibit A floor structure, to challenge validity on the basis of unknown prior art. In the 1985 infringement suit, Epic had a fair and full opportunity to challenge the '051 patent's validity or to reserve for subsequent litigation its right to contest, without qualification, infringement of the '051 patent by the Exhibit A floor structure. Epic made no such reservation; it is now barred from contesting infringement based on the '051 patent's invalidity.

### III.

The district court denied Robertson's preliminary injunction motion because no likelihood of success on validity had been shown. The grant or denial of a preliminary injunction is within the sound discretion of the district court. *H.H. Robertson, Co. v. United Steel Deck, Inc.*, 820 F.2d 384, 387, 2 USPQ2d 1926, 1927 (Fed.Cir. 1987). The district court abused its discretion by erring as a matter of law in not precluding Epic from relitigating validity. Because the district court made no other determinations as to the preliminary injunction, *see Pretty Punch Shoppettes, Inc. v. Hauk*, 844 F.2d 782, 785, 6 USPQ2d 1563, 1565 (Fed.Cir.1988), we vacate the district court's order and remand. *See H.H. Robertson*, 820 F.2d at 387, 2 USPQ2d at 1927 (stating requirements for preliminary injunctive relief in patent cases).

### COSTS

Each party is to bear its own costs.

**VACATED and REMANDED.**

NEWMAN, Circuit Judge, concurring.

I reach the same result as does the majority of the panel, insofar as it relates to the requested preliminary injunction. However, I do not believe that Epic is barred from all challenge to patent validity as defense to the asserted infringement by the structure shown in Exhibit A.

Paragraph 3 of the consent judgment states that Epic consented to validity on all grounds that were before either the patent office or the court in *H.H. Robertson Co. v. Bargar Metal Fabricating Co.*, 225 USPQ 1191 (N.D.Ohio 1984). While Paragraph 3 does not specifically state that the consent judgment does not extend to grounds that were not before the patent office or the *Bargar* court, that is its plain meaning. The district court correctly held that Epic "has some latitude" and "is not entirely foreclosed" from arguing invalidity in the future. *Epic Metals Corp. v. H.H. Robertson Co.*, No. 86–1714, slip op. at 9, 10, (W.D.Pa. August 31, 1988).

I believe the district court correctly construed the contract in its second order, *id.*, and in its holding that Epic is not foreclosed from raising the limited challenge to validity authorized by Paragraph 3, in defense of this infringement action brought by virtue of Paragraph 8. The district court did not immunize the asserted infringement by the structure shown in Exhibit A from such defense, as a matter of either claim preclusion or issue preclusion; nor would I. Thus the district court allowed Epic to raise the defense of invalidity based on prior art that was not before the *Bargar* court or the patent office.

However, such new prior art is sparse indeed. When viewed in light of its cumulative nature as well as decisions of other courts holding that the patent had not been proved invalid, including the decision in *H.H. Robertson Co. v. Mac–Fab Products, Inc.*, 711 F.Supp. 970 (E.D.Mo.1988), it is apparent that H.H. Robertson is likely to prevail on the merits of the issue of validity. The district court erred in holding otherwise. Thus I agree with the panel majority that the case should be remanded for determination of whether the other requirements have been met for the grant of preliminary injunction. *See generally H.H. Robertson Co. v. United Steel Deck, Inc.*, 820 F.2d 384, 387, 2 USPQ2d 1926, 1927 (Fed.Cir.1987).