891 F.2d 298
 13 U.S.P.Q.2d 1990
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Roderick N. McAULAY, trustee in bankruptcy of the estates of
Holosonics, Inc. and Holotron Corporation, Plaintiffs,
American Bank Note Company, Intervenor,
American Bank Note Holographics, Inc., Intervenor-Appellant,
v.
UNITED STATES BANKNOTE CORPORATION, Defendant,
Light Impressions, Inc., and Stephen P. McGrew,
Defendants/Cross-Appellants.
 Nos. 89-1347, 89-1360.
 United States Court of Appeals, Federal Circuit.
 Nov. 1, 1989.
 
 Before MARKEY, Chief Judge, and RICH and NIES, Circuit Judges.
 MARKEY, Chief Judge.
 DECISION
 American Bank Note Holographics, Inc. (ABNH) appeals from a partial summary judgment of the United States District Court for the Northern District of California, No. C 87-20736, in favor of United States Banknote Corporation, Light Impressions, Inc., and Stephen P. McGrew respecting United States Patent No. 3,894,787 ('787), a judgment, says ABNH, that effectively denied its motion for preliminary injunction. Light Impressions, Inc. and Stephen P. McGrew appeal from an order preliminarily enjoining infringement of United States Patent No. 3,838,903 ('903). We dismiss ABNH's appeal of the partial summary judgment respecting the '787 patent and direct that the order enjoining infringement of the '903 patent be vacated.
 
 OPINION
 I. The '787 Patent
 
 1
 The final judgment rule generally prohibits review of partial summary judgments. The district court nowhere expressly denied or even mentioned ABNH's preliminary injunction motion. Nonetheless, ABNH says the partial summary judgment is appealable because it "effectively denied" a preliminary injunction motion.
 
 
 2
 Section 1292(a)(1) does not expressly provide for appeal of "effective" denials of injunctions. As made clear in Woodard v. Sage Products, Inc., 818 F.2d 841, 853, 2 USPQ2d 1649, 1658 (Fed.Cir.1987), the Supreme Court in Carson v. American Brands, Inc., 450 U.S. 79, 84 (1980) established a two-prong test for review of orders that effectively deny injunctions. The order must meet the following requirements: first, have serious perhaps irreparable consequence, and second, be effectually challengeable only by immediate appeal. "In concluding that deemed injunctive orders are not appealable without a showing of [harm pendente lite ], in a sense; such orders are merely placed on an equal footing with specific injunctive orders." Woodard, 818 F.2d at 853, 2 USPQ2d at 1658 (emphasis in original).
 
 
 3
 The partial summary judgment here meets the second prong because the denial of a preliminary injunction cannot be effectively reviewed after trial. The order fails the first prong, however, because ABNH has not shown that the grant of partial summary judgment will have serious if not irreparable consequence that cannot be repaired by a damage award. Thus, the order is not appealable.
 
 II. The '903 Patent
 
 4
 Rule 52(a), Fed.R.Civ.P., requires that a preliminary injunction be accompanied by findings. The present preliminary injunction order contains the district court's conclusions on patent validity, patent infringement, and irreparable injury. It contains no findings in support of those conclusions and no findings on the balance of hardships or effect on the public interest.
 
 
 5
 The court did not order the master to make findings and the master made none. In adopting the master's "recommendations", the court said nothing of the recommendation that the balance of hardships be found to favor denial of the preliminary injunctions sought.
 
 
 6
 Because there are insufficient findings for meaningful review, we must direct that the district court's order preliminarily enjoining infringement of the '903 patent be vacated. See Pretty Punch Shoppettes, Inc. v. Hauk, 844 F.2d 782, 784-85, 6 USPQ2d 1563, 1565 (Fed.Cir.1988).
 
 COSTS
 
 7
 ABNH to bear costs of appeal.