39 F.3d 1198
 34 U.S.P.Q.2d 1797
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
LIFESCAN, INC., Plaintiff-Appellant,
v.
POLYMER TECHNOLOGY INTERNATIONAL, CORP., Defendant-Appellee.
 No. 94-1369.
 United States Court of Appeals, Federal Circuit.
 Oct. 18, 1994.
 
 Before RICH, MAYER, and SCHALL, Circuit Judges.
 SCHALL, Circuit Judge.
 
 DECISION
 
 1
 LifeScan, Inc. (LifeScan) appeals an order of the United States District Court for the Western District of Washington at Seattle, LifeScan, Inc. v. Polymer Technology Int'l Corp., No. C94-672R (June 9, 1994), denying LifeScan's motion for a preliminary injunction. We vacate and remand.
 
 DISCUSSION
 
 2
 At issue in this appeal is LifeScan's United States Patent No. 5,304,468 (the '468 patent), which issued on April 19, 1994. The claims of the '468 patent are directed toward a reagent test strip for use with a home-use, blood glucose monitoring system. LifeScan also owns patents that allegedly cover the method for this home-use, blood glucose monitoring system. In 1987, LifeScan began selling a monitoring system, allegedly in accordance with the disclosures in its patents, under the name ONE TOUCH TM. The system includes a ONE TOUCH TM meter and ONE TOUCH TM one-time-use test strips for use with the meter. In August 1993, Polymer began selling replacement test strips under the name FIRST CHOICETM. The packaging of Polymer's FIRST CHOICETM strips indicates the strips are for use with the ONE TOUCH TM meter. LifeScan, in the present action, alleges that Polymer's FIRST CHOICETM strips infringe LifeScan's '468 patent.
 
 
 3
 LifeScan motioned the district court seeking to enjoin, while the trial is pending, Polymer's making, using, and selling of FIRST CHOICETM test strips. The district court denied LifeScan's motion. The district court did so because it found that Polymer raised "substantial questions" concerning the '468 patent's validity which prevented LifeScan from showing a sufficient likelihood of success on the merits of the action, see New England Braiding Co. v. A.W. Chesterton Co., 970 F.2d 878, 882, 23 USPQ2d 1622, 1625 (Fed.Cir.1992), so as to justify a preliminary injunction. The district court also noted the complexity of the patent validity issue, as well as Polymer's lack of opportunity to engage in discovery.
 
 
 4
 We vacate the district court's order because the trial court failed to make sufficient findings of fact in accordance with Rule 52(a) of the Federal Rules of Civil Procedure. Rule 52(a) requires that the court, in denying a preliminary injunction, shall "set forth the findings of fact and conclusions of law which constitute the grounds of its action." See Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 316-17 (1940); Pretty Punch Shoppettes, Inc. v. Hauk, 844 F.2d 782, 784, 6 USPQ2d 1563, 1565 (Fed.Cir.1988). As this court explained in the Pretty Punch case, this rule does not place a severe burden on the trial judge in the preliminary injunction context for the trial judge need only make brief, definite, and pertinent findings on contested matters. Id. The district court's order is deficient in that it simply marshals the evidence and sets forth the parties' arguments. The order does not indicate that there was any weighing of the evidence, or that there was any attempt to discern the merits of the parties' arguments. Only when the district court does this are we able to meaningfully review the merits of the order. Id.
 
 
 5
 New England Braiding, and its "substantial question" language upon which the district court relied, provides no basis to avoid the requirements of Rule 52(a). In New England Braiding, this court noted that the district court made a specific finding of fact that the evidence of record indicated that there was merit to the accused infringer's invalidity claim, and thus the patentee failed to show its likelihood of success at trial. 970 F.2d at 882, 23 USPQ2d at 1623. This court also noted that the district court, in arriving at this finding, made a credibility determination in the accused infringer's favor. Id. at 884, 23 USPQ2d at 1626.
 
 
 6
 Accordingly, we vacate the district court's order and remand with instructions that the district court undertake sufficient fact finding in accordance with Rule 52(a) and accordingly redetermine the merits of LifeScan's preliminary injunction motion.
 
 
 7
 Finally, LifeScan's motion, pursuant to Rule 8, Fed.R.App.P., and Rule 8, Fed.Cir.R., for interim relief pending appeal is denied as moot. Polymer's motion for leave to submit additional evidence also is denied.[1]
 
 
 
 [1]
 The parties ask this court to decide the merits of whether a preliminary injunction should be entered. We decline. To do so would be inconsistent with our role as a court of review