Aoki v. FMT Corp.                          CV-96-42-JD    04/22/99
            UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE

Aoki Technical Laboratory, Inc.

      v.                              Civil No. 96-42-JD

FMT Corporation, Inc.


                           O R D E R


      The defendant, FMT Corporation, moves for partial summary

judgment (document no. 233) asserting the preclusive effect of

prior litigation involving the same patents that are at issue in

this case.  Aoki Technical Laboratory argues that FMT's motion

should be stricken as untimely and also objects to summary

judgment, contending that the prior case has no preclusive effect

as to Aoki's claims in this case.  FMT moves for leave to file a

reply to Aoki's objection, and Aoki opposes FMT's reply.


                       Standard of Review

      Summary judgment is appropriate when "the pleadings,

depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law."  Fed. R. Civ. P.

56(c).  The record presented for summary judgment is considered

in the light most favorable to the nonmoving party.  Glaxo Group

Ltd. v. TorPharm, Inc., 153 F.3d 1366, 1370 (Fed. Cir. 1998).

"When a party moves for summary judgment of res judicata or other basis of preclusion, it must be shown that the claim or issue would be precluded even on the non-movant's version of the facts." Amgen, Inc. v. Genetics Inst., 98 F.3d 1328, 1330 (Fed. Cir. 1996). The moving party must initially demonstrate "the absence of a genuine material question of disputed fact and establish[] that [it] is entitled to judgment as a matter of law." Arkie Lures, Inc. v. Gene Larew Tackle, Inc., 119 F.3d 953, 955 (Fed. Cir. 1997).

## Discussion

Aoki seeks a declaratory judgment that three patents held by FMT are invalid under the "public use" and "on sale" bars of 35 U.S.C.A. § 102(b), are unenforceable, and are not infringed by Aoki. FMT moves for partial summary judgment contending that Aoki is precluded from litigating the issue of invalidity pursuant to section 102(b) based on the judgment in FMT Corp. v. Constar Plastics, Inc., No.1:91-CV-3148-GET (N.D. Ga. filed Dec. 1991).[1] Aoki responds that the motion should be disallowed

---

[1]Although FMT discusses the FMT Corp. v. Nissei ASB Co., No. 90-CV-786-GET (N.D. Ga.) case in detail, FMT does not argue that the Nissei case has any preclusive effect in this litigation.

because FMT did not raise collateral estoppel in its objection to Aoki's motion for summary judgment based on section 102(b). Aoki also objects to collateral estoppel on grounds that the issue was not fully litigated previously, that Aoki was not in privity with Constar, and that the Constar case ended in a consent judgment.

A.   Timeliness of FMT's Motion

Aoki moved for summary judgment in its favor on the issue of patent invalidity pursuant to section 102(b). FMT sought additional time to conduct discovery before filing an objection, including discovery pertaining to the application of collateral estoppel. However, FMT did not assert collateral estoppel in its objection to Aoki's motion for summary judgment.

Without making a separate motion to strike FMT's motion for partial summary judgment, Aoki argues that FMT's motion for partial summary judgment based on collateral estoppel should be stricken as a late objection to Aoki's motion for summary judgment. Aoki cites cases in which objections to motions for summary judgment were stricken when they were filed after the applicable deadline. Aoki provides no authority for its novel theory that a motion for summary judgment must be viewed as a late objection to a prior motion for summary judgment on the same issue. Accordingly, on the record presented, FMT's motion for

3

partial summary judgment is not stricken as a late objection to Aoki's previous motion for summary judgment.

B. <u>Collateral Estoppel</u>

In support of its motion for partial summary judgment, FMT asserts that the same section 102(b) defenses raised by Aoki in this case were raised by Aoki's customer, Constar Plastics, in previous litigation with FMT about the same patents.[2] FMT states that "Constar, after trial, acknowledged that the § 102(b) defense was not established and the Special Master recommended dismissal of this defense." FMT contends that Aoki and Constar agreed to cooperate on the section 102(b) defense based on Constar's promise not to settle and to pursue the issue to its conclusion. FMT says, "Aoki is bound under the doctrine of collateral estoppel by the decision in <u>FMT v. Constar</u> finding FMT's patents not invalid, including over the § 102(b) public use and on sale defense." In response, Aoki contends that the

---

[2]Constar also raised other defenses, not at issue here, asserting patent invalidity based on indefiniteness, 35 U.S.C.A. § 112, and obviousness, 35 U.S.C.A. § 103. FMT seems to support its collateral estoppel argument in part by reference to the special master's finding in the <u>Constar</u> case that the evidence in support of Constar's obviousness defense under section 103 was insufficient and that the court adopted the special master's report. Section 103 has not been shown to be relevant to the section 102(b) claims at issue in this case.

4

<u>Constar</u> case can have no preclusive effect as to its claims here, on grounds that there was not a trial on the merits in the <u>Constar</u> case, that Aoki's participation was limited, and that the case ended in a consent judgment.[3]

When considering the doctrine of res judicata in a patent case, the district court applies the law of its own circuit.[4] <u>See</u> <u>Epic Metals Corp. v. H.H. Robertson Co.</u>, 870 F.2d 1574, 1576 (Fed. Cir. 1989). "A judgment that is entered with prejudice under the terms of a settlement, whether by stipulated dismissal, a consent judgment, or a confession of judgment, is not subject to collateral attack by a party or a person in privity, and it bars a second suit on the same claim or cause of action." <u>Langton v. Hogan</u>, 71 F.3d 930, 935 (1st Cir. 1995). <u>See also</u> <u>Foster v. Hallco Mfg. Co.</u>, 947 F.2d 469, 480-83 (Fed. Cir. 1991) (discussing preclusive effect of consent decree pertaining to patent validity).

The doctrine of collateral estoppel "bars relitigation of any issue that, 1) a party had a 'full and fair opportunity to

---

[3]The court has considered FMT's reply and Aoki's objection to FMT's motion for leave to reply.

[4]The broader doctrine of res judicata includes both claim and issue preclusion although each has its own distinct requirements. <u>See</u> <u>Monarch Life Ins. Co. v. Ropes & Gray</u>, 65 F.3d 973, 978 n.8 (1st Cir. 1995); <u>In re Belmont Realty Corp.</u>, 11 F.3d 1092, 1097 (1st Cir. 1993).

5

litigate' in an earlier action, and that, 2) was finally decided in that action, 3) against that party, and that, 4) was essential to the earlier judgment." DeCosta v. Viacom Int'l, 981 F.2d 602, 605 (1st Cir. 1992); accord Boston Scientific Corp. v. Schneider (Europe) AG, 983 F. Supp. 245, 255-56 (D. Mass. 1997). See also In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994). Collateral estoppel may preclude relitigation of an issue by a nonparty to the first action "[i]f a nonparty either participated vicariously in the original litigation by exercising control over a named party or had the opportunity to exert such control." Gonzalez v. Banco Central Corp., 27 F.3d 751, 758 (1st Cir. 1994); see also NLRB v. Donna-Lee Sportswear Co., 836 F.2d 31, 34 (1st Cir. 1987). A nonparty's participation or representation by a party in prior litigation must be such that the nonparty had a full and fair opportunity to litigate the common issues or received notice that the issues would be resolved in that litigation. See Richards v. Jefferson County, 517 U.S. 793, 799-802 (1996).

Aoki was not a party in the Constar case. FMT relies on Constar's deposition of Aoki's Setsuyuki Takeuchi taken during the Constar litigation as sufficient participation by Aoki to preclude relitigation.[5] Then, assuming sufficient participation

_____

[5]In its memorandum in support of its motion for summary judgment, FMT refers to the Takeuchi deposition as a "trial

to establish privity between Constar and Aoki, FMT contends that the consent judgment established the validity of the patents against a section 102(b) defense.

After initial skirmishing about the Takeuchi deposition, Constar and Aoki entered a limited agreement to permit the deposition with a condition that FMT would not settle the case as to the invalidity of the patents under section 102(b). Takeuchi traveled to Los Angeles with documents supporting his testimony, and his deposition was taken. At the end of the deposition, FMT asked that it be kept open to permit further cross examination after FMT had an opportunity to review newly produced documents from Aoki. Aoki and Takeuchi, through counsel, and Constar refused to leave the deposition open. Constar kept Aoki informed about the progress of the case until it was settled, seemingly in violation of the deposition agreement, in May of 1995.

Motions by both Constar and FMT for summary judgment on the section 102(b) invalidity issue were denied. An evidentiary hearing before a special master was held in June of 1994.[6] FMT

deposition," but does not explain why that term is used.

[6]FMT refers to the proceeding before the special master as a "trial." Acknowledging that a jury trial was demanded in the case, the court referred the case to the special master to take evidence and to report his findings of fact and conclusions of law prior to a jury trial. The court's order of reference to the special master provided that the special master's findings, if

moved successfully in limine to exclude a number of the Takeuchi exhibits from his deposition on grounds that FMT did not have a fair opportunity to cross examine Takeuchi during the deposition and that Constar had refused to leave the deposition open.

The special master submitted his findings and conclusions on March 10, 1995. In his letter sent with his findings, the special master wrote:

> In its post-hearing papers, Constar acknowledged that it had not met its burden of proof on the issue of the patents-in-suit being anticipated by the prior art under 35 U.S.C. § 102(b). Therefore, I recommend that the Section 102(b) defense be dismissed.

Breiner Ex. 2. The special master's report, therefore, did not include findings on the section 102(b) defenses. The court entered judgment on May 22, 1995, before a jury trial on the merits was held, apparently (although not explicitly) based on the parties' settlement agreement. The order directing entry of judgment said that the court found that the patents in question were infringed and that the patents were not invalid. The court did not otherwise adopt the special master's findings and rulings. The judgment enjoined Constar from further infringing

---

admissible, would be presented to the jury as evidence and that no new evidence would be allowed "except for good cause shown." To avoid confusion between the special master's proceeding and the anticipated jury trial, the special master's proceeding will be called a hearing.

the subject patents.

The circumstances presented in this case fall far short of establishing that Aoki had an opportunity to exert the kind of control that amounts to vicarious participation in prior litigation. Aoki was, at best, a reluctant minor participant to the extent of producing its employee, Takeuchi, for deposition. FMT has presented no evidence that Aoki in any way controlled the case or was offered any opportunity to do so. In fact, it seems that Constar violated even its limited agreement with Aoki after it had secured the Takeuchi deposition. There being no privity between Constar and Aoki, Aoki cannot be bound by the judgment in the Constar litigation.

In addition, Aoki was never put on notice that the Constar litigation would be its single opportunity to assert the section 102(b) defenses against the patents in question. Absent notice that Aoki would be bound by the outcome in Constar combined with the peripheral treatment of the section 102(b) issue in the Constar case, Constar did not adequately represent Aoki's interests so as to insure the full and fair consideration of the common issue. See Richards, 517 U.S. at 799-802. Accordingly, Aoki is not bound by judgment in the Constar litigation.

9

C.  Notice to Counsel

All counsel are informed that the court did not find their motions and memoranda on this matter helpful.  Counsel are advised to carefully consider both the substance and the tone of their future pleadings in this case.

Personal attacks, vituperative remarks, and hyperbole by counsel do nothing to advance the merits of their clients' causes.  Counsels' efforts and their clients' resources would be better spent addressing issues in a measured, professional, and concise but thorough manner.

The court reminds local counsel and instructs counsel admitted pro hac vice that counsel appearing in this district are expected to act and communicate in a professional and civil manner with each other and with the court.  See, e.g., Fed. R. Civ. P. 11(b); LR 38.1(a)(4); see also LR 83.2(b).  A negative style of practice is not acceptable.  All counsel are directed to review the New Hampshire Bar Association Litigation Guidelines.  If necessary, the court will order compliance with the Guidelines and will consider the imposition of appropriate sanctions.  See, e.g., Fed. R. Civ. P. 11(c); Nault's Automobile Sales, Inc. v. American Honda Motor Co, 148 F.R.D. 25, 42 (D.N.H. 1993).

## Conclusion

For the foregoing reasons, FMT's motion for partial summary judgment (document no. 233) is denied. FMT's motion for leave to file a reply (document no. 238) is granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

April 22, 1999

cc:   Wayne M. Smith, Esquire
      Irvin D. Gordon, Esquire
      Garry R. Lane, Esquire
      Theodore A. Breiner, Esquire

11