MEDIA TECHNOLOGIES LICENS-
ING, LLC, Plaintiff–Appellant,

v.

The UPPER DECK COMPANY and The Upper Deck Company, LLC, Defendants/Cross Claimants–Appellees,

and

Collector's Edge of Tennessee, Inc., In The Game, Inc., and Playoff Corporation, Defendants–Appellees,

and

Topps Company, Inc., Defendant–Appellee,

and

Pacific Trading Cards, Inc., Defendant–Appellee,

and

Racing Champions, Inc. and Racing Champions South, Inc. (formerly known as Wheels Sports Group, Inc.), Defendants–Appellees,

and

Fleer/Skybox International LP, Defendant–Appellee,

v.

Adrian Gluck, Cross Defendant.

No. 02–1555.

United States Court of Appeals, Federal Circuit.

July 11, 2003.

Gregory S. Dovel, Dovel & Luner, LLP, of Los Angeles, California, argued for plaintiff-appellant. With him on the brief was Sean A. Luner.

Steven J. Rocci, Woodcock Washburn LLP, of Philadelphia, PA, representing Fleer/SkyBox International LP, argued

for all appellees. On the brief were Norman H. Zivin and Eric D. Kirsch, Cooper & Dunham LLP, of New York, N.Y. for defendants-appellees Collector's Edge of Tennessee, Inc., et al.; F.T. Alexandra Mahaney, Brobeck, Phleger & Harrison LLP, of San Diego, CA, for defendants/cross claimants-appellees The Upper Deck Company, et al.; Mark A. Flagel and Steven D. Atlee, Latham & Watkins, of Los Angeles, CA, for defendant-appellee Pacific Trading Cards, Inc.; David G. Hanson and Kathleen S. Donius, Reinhart, Boerner, Van Deuren, Norris & Rieselbach, S.C., of Milwaukee, WI, for defendants-appellees Racing Champions Inc., et al.; and Michael J. Sweedler, Darby & Darby, of New York, NY, for defendant-appellee Topps Company, Inc.

Before MAYER, Chief Judge, MICHEL and DYK, Circuit Judges.

MAYER, Chief Judge.

Media Technologies Licensing, LLC, appeals the judgment of the United States District Court for the Central District of California granting The Upper Deck Co.'s, The Upper Deck Co., LLC's, Collector's Edge of Tennessee, Inc.'s, In the Game, Inc.'s, Playoff Corp.'s, Topps Co., Inc.'s, Pacific Trading Cards, Inc.'s, Racing Champions, Inc.'s and Racing Champions South, Inc.'s fka Wheels Sports Group, Inc., and Fleer/Skybox International LP's (collectively "Upper Deck") joint motion for summary judgment that its suit asserting infringement of United States Patent No. 5,803,501 ("'501 patent") was barred by res judicata (claim preclusion). *Media Techs. Licensing, LLC v. The Upper Deck Co.*, No. SA CV 01–1198 AHS (C.D.Cal. Apr. 22, 2002) (Order Granting Defendants' Motion for Summary Judgment). We reverse and remand for further proceedings.

## Background

Adrian Gluck is the named inventor of the '501 patent, which is directed to memorabilia cards that include an action image of a famous figure. With Gluck acting as its principal, Telepresence Technologies, LLC, filed suit against several of its competitors in the memorabilia card industry alleging infringement. The district court determined that Telepresence held no enforceable rights in the '501 patent at the time it filed suit because the assignment of the '501 patent from Gluck to LNCJ, Ltd., licensor of the '501 patent to Telepresence, was ineffective. Therefore it lacked the cognizable injury necessary to assert standing under Article III of the Constitution. Accordingly, the court dismissed Telepresence's infringement action, and it did not appeal the dismissal. Shortly thereafter, Gluck filed articles of organization in California creating Media Technologies Licensing, LLC, and naming himself as president of the company.

On November 1, 2001, in his capacity as inventor of the '501 patent, Gluck executed a quitclaim deed assigning and transferring all his rights in the '501 patent to LNCJ, Ltd., for one thousand five hundred dollars and other good and valuable consideration. On the same day, Telepresence and LNCJ entered into a "Termination of Technology License, and Assignment of Rights to Patent No. 5,803,501 ..." agreement, whereby both entities agreed to terminate their outstanding technology license agreement, in exchange for Telepresence's agreement to sell, assign, and transfer any outstanding rights it had in the '501 patent to LNCJ.

On November 8, 2001, LNCJ assigned its recently acquired rights in the '501 patent to Media in exchange for membership units in Media and other good and valuable consideration. Eight days later, Gluck and Telepresence quitclaimed any

interest they had in the '501 patent to Media for membership units. Media then initiated an action against Upper Deck alleging infringement of the '501 patent.

Upper Deck moved for summary judgment asserting that Media's suit was barred by claim preclusion. The district court granted the motion, concluding that Media was barred from prosecuting the case under claim preclusion because it was in privity with Telepresence, an entity whose case involving the '501 patent was dismissed with prejudice for lack of Article III standing. Media timely appealed, and we have jurisdiction under 28 U.S.C. § 1295(a)(1).

*Discussion*

■ Because this case turns on general principles of claim preclusion, not on any rule of law having special application to patent cases, we apply the law of the regional circuit in which the district court sits—here, the Ninth Circuit. *See Midwest Indus., Inc. v. Karavan Trailers Inc.,* 175 F.3d 1356, 1359 (Fed.Cir.1999) (en banc in relevant part); *Epic Metals, Inc. v. H.H. Robertson Co.,* 870 F.2d 1574, 1576 (Fed.Cir.1989); *Hartley v. Mentor Corp.,* 869 F.2d 1469, 1471 n. 1 (Fed.Cir.1989) (stating that application of principles of res judicata is not a matter committed to the exclusive jurisdiction of the Federal Circuit). The Ninth Circuit applies claim preclusion where: (1) the prior litigation was terminated by a final judgment on the merits; (2) the prior litigation involved the same claim or cause of action as the later suit; and (3) the same parties, or their privies, were involved in the prior litigation. Questions of claim preclusion are reviewed without deference. *See Cent. Delta Water Agency v. United States,* 306 F.3d 938, 952 (9th Cir.2002) (citing *Blonder–Tongue Labs. v. Univ. of Ill. Found.,* 402 U.S. 313, 323–24, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971)); *In re Schimmels,* 127 F.3d 875, 880 (9th Cir.1997).

■ Media's principal argument on appeal is that, in entering summary judgment on the basis of claim preclusion, the district court erred in concluding that the dismissal of Telepresence's prior action was a final adjudication on the merits. It contends that a dismissal for lack of standing is equivalent to a dismissal for lack of subject matter jurisdiction, and that a court cannot reach the merits of a case if a plaintiff does not have standing to invoke the court's jurisdiction over the matter. Upper Deck, on the other hand, places great weight on the district court's conclusion that the dismissal of Telepresence's action with prejudice for lack of standing was a final adjudication on the merits because a dismissal with prejudice creates not only the right to appeal, but also the obligation to succeed on appeal to preserve the cause of action. It also contends that Media's appeal is an improper collateral attack on the judgment of the Telepresence action because Telepresence did not appeal the earlier judgment.

■ To be given preclusive effect, a judgment must be a final adjudication of the rights of the parties and must dispose of the litigation on the merits. *See* 18A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4427, at 4–5 (2d ed.2002). The Ninth Circuit, in common with other federal courts, recognizes that standing is a threshold question that must be resolved before proceeding to the merits of a case. *L.A. County Bar Ass'n v. Eu,* 979 F.2d 697, 700 (9th Cir.1992); *see also Warth v. Seldin,* 422 U.S. 490, 517–18, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) ("The rules of standing, . . . are threshold determinants of the propriety of judicial intervention."). The doctrine of standing limits federal judicial power and has both constitutional and prudential components. *See United Food & Commercial Workers Union Local 751 v. Brown Group, Inc.,* 517

U.S. 544, 551, 116 S.Ct. 1529, 134 L.Ed.2d 758 (1996). Article III standing, like other bases of jurisdiction, must be present at the inception of the lawsuit. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 570 n. 5, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (plurality opinion) ("[S]tanding is to be determined as of the commencement of suit."); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 64, 67, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (holding that standing is an aspect of the case or controversy requirement, which must be satisfied "at all stages of review"); *Keene Corp. v. United States,* 508 U.S. 200, 207, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993) ("[T]he jurisdiction of the Court depends upon the state of things at the time of the action brought."). Pursuant to Article III, "standing . . . is jurisdictional and not subject to waiver." *Lewis v. Casey,* 518 U.S. 343, 349 n. 1, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

Because standing is jurisdictional, lack of standing precludes a ruling on the merits. Thus, the district court erred in giving preclusive effect to the Telepresence judgment because its dismissal of Telepresence's complaint for lack of standing was not a final adjudication of the merits. *Scott v. Pasadena Unified Sch. Dist.,* 306 F.3d 646, 653–54 (9th Cir.2002) (stating that "[w]e must establish jurisdiction before proceeding to the merits of the case"); *Bird v. Lewis & Clark Coll.,* 303 F.3d 1015, 1019 (9th Cir.2002) (recognizing that before reaching the merits of the case, the court must determine the threshold issue of standing); *accord H.R. Techs. v. Astechnologies, Inc.,* 275 F.3d 1378, 1384 (Fed. Cir.2002) ("Because lack of standing is not an issue that goes to the merits of the underlying patent issues, a dismissal of a complaint for lack of standing would not normally be expected to be made with prejudice.").

■ There is a second alternative ground for rejecting the claim preclusion argument—lack of privity. Upper Deck argues that the court properly determined that Media was a privy of Telepresence for the purpose of claim preclusion because it was an instrumentality of Gluck, whom it asserts was virtually represented in the previous Telepresence action. It contends that Gluck, through Media, is attempting to circumvent the adverse judgment in the Telepresence action to enforce the '501 patent.

■ Privity extends the conclusive effect of a judgment to nonparties who, even if they are not identical, have sufficient commonality between them, so that one may be bound by the prior decision if his interests were virtually represented by the other party in that action. *Tahoe–Sierra Pres. Council v. Tahoe Reg'l Planning,* 322 F.3d 1064, 1081 (9th Cir.2003). A finding of virtual representation may be based on an express or implied legal relationship that makes a party to the prior action accountable to a non-party. *United States v. Geophysical Corp. of Alaska,* 732 F.2d 693, 697 (9th Cir.1984); *United States v. ITT Rayonier, Inc.,* 627 F.2d 996, 1003 (9th Cir.1980) ("Courts have recognized that a non-party may be bound if a party is so closely aligned with its interests as to be its 'virtual representative.'").

That said, however, Upper Deck's privity arguments are gossamer. The first action was dismissed because of a deficient assignment between the inventor and Telepresence; this action was putatively dismissed because of a virtual representation relationship between Telepresence and Media in the prior action. But this is not possible because Media did not then exist. So Media is not the equivalent of Telepresence coming back for a second bite of the apple; it is the entity with all the interest in the '501 patent that was lacking before.

In light of our disposition, we need not address the remainder of the arguments submitted by the parties.

### Conclusion

Accordingly, the judgment of the United States District Court for the Central District of California is reversed, and the case is remanded for further proceedings.

*REVERSED AND REMANDED*