950 F.2d 732
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CIBA CORNING DIAGNOSTICS CORP., Plaintiff-Appellant,
v.
ALKO DIAGNOSTIC CORPORATION, Defendant-Appellee.
 No. 91-1344.
 United States Court of Appeals, Federal Circuit.
 Nov. 29, 1991.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and MAYER, Circuit Judge.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 Ciba Corning Diagnostics Corp. (Ciba) appeals from the April 29, 1991 bench ruling of the United States District Court for the District of Massachusetts, Case No. 91-CV-10239, denying Ciba's motion that Alko Diagnostic Corporation (Alko) be preliminarily enjoined from further alleged infringement of Ciba's U.S. Patent No. Des. 309,080. We vacate and remand.
 
 OPINION
 
 2
 Fed.R.Civ.P. 52(a) requires that the grant or refusal of an interlocutory injunction shall be supported by findings of fact. Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 316 (1940). "The rule does not place a severe burden upon the trial judge, for he 'need only make brief, definite, pertinent findings and conclusions upon the contested matters.' " Loctite Corp. v. Ultraseal Ltd., 781 F.2d 861, 872, 228 USPQ 90, 97 (Fed.Cir.1985) (quoting 5A Moore & Lucas, Moore's Federal Practice p 52.06 at 52-138 (2d ed. 1985)). However, the trial court must provide factual findings sufficient to enable us meaningfully to review the merits of its order. Id. at 873, 228 USPQ at 98. Failure to provide adequate findings is an error of law. The Conair Group, Inc. v. Automatik Apparate-Maschinenbau GmbH, 944 F.2d 862, 866, 20 USPQ2d 1067, 1070 (Fed.Cir.1991). Because the district court in this case made only one ultimate finding (i.e., no irreparable harm), and failed to provide any subsidiary findings in explanation thereof or any findings whatsoever with respect to the remaining preliminary injunction factors,[1] this court cannot conduct a meaningful review of the decision to deny Ciba's motion. Accordingly, the April 29 ruling is vacated and the case is remanded for the making of findings and conclusions. See id. (citing Pretty Punch Shoppettes, Inc. v. Hauk, 844 F.2d 782, 784-85, 6 USPQ2d 1563, 1565 (Fed.Cir.1988)).
 
 
 3
 On remand, the law to be applied with respect to application of the preliminary injunction factors is that of the Federal Circuit. Chrysler Motors Corp. v. Auto Body Panels of Ohio, Inc., 908 F.2d 951, 952-53, 15 USPQ2d 1469, 1470-71 (Fed.Cir.1990) (citing Hybritech, 849 F.2d at 1451 n. 12, 7 USPQ2d at 1195 n. 12). Our rule is that the trial court should weigh and measure each of the four factors against the other and against the magnitude of the relief requested. Id. at 953, 15 USPQ2d at 1471. No one factor, taken individually, is necessarily dispositive. Id.
 
 
 4
 With respect to irreparable harm, a presumption thereof arises only if the trial court finds that the patentee has made a clear showing as to validity and infringement. Nutrition 21 v. United States, 930 F.2d 867, 871, 18 USPQ2d 1347, 1350-51 (Fed.Cir.1991). With respect to validity, the patent challenger retains (as always) the burden of establishing invalidity, but the patentee/preliminary injunction movant bears the burden of showing that the challenger is not likely to prevail at trial. H.H. Robertson Co. v. United Steel Deck, Inc., 820 F.2d 384, 387-88, 2 USPQ2d 1926, 1927-28 (Fed.Cir.1987). The presumption of irreparable harm, like most legal presumptions, is rebuttable. Roper Corp. v. Litton Sys., Inc., 757 F.2d 1266, 1272, 225 USPQ 345, 349 (Fed.Cir.1985). The presumption may be overcome by clear evidence that irreparable harm would not actually be suffered if the motion for a preliminary injunction were denied; for example, if infringement were not occurring or would not be reasonably likely to occur in the future. Id.
 
 
 5
 No costs.